## BENTLEY v. HALLIBURTON OIL WELL CEMENTING CO. et al.

No. 12605.

United States Court of Appeals
Fifth Circuit.

May 20, 1949.

Albert P. Jones, Houston, Texas, for appellant.

William R. Brown, Houston, Texas, Jno. C. Williams, Houston, Texas, Thad Grundy, Houston, Texas, for appellees.

Before HUTCHESON, SIBLEY and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages for personal injuries to appellant, a citizen of Texas, who seeks a joint or joint and several judgment against the two appellees, one of which is a Texas and the other a Delaware corporation. The action originated in a state court of Texas, having been filed therein on August 24, 1948. By petition of the non-resident defendant, filed in the court below on September 13, 1948, the suit was removed to the federal court under the provisions of the new Judicial Code, which became effective September 1, 1948.[1] The

---

[1] New Title 28 U.S.C.A. § 1441(b) and (c).

appellant's motion to remand having been overruled, as well as his motion to dismiss his complaint without prejudice, he declined to proceed further with the prosecution of his suit, which resulted in a final judgment against him with prejudice. Notice of appeal was timely given, and the cause is now here for review.

 The wrong and injury asserted by appellant occurred in Texas and the substantive law as to the liability of the alleged joint tort-feasors is governed by the law of that state, under which the liability of one is equal to the liability of all the others. Each is liable for the whole tort and every part of it. The injured party may sue all jointly or any number less than all; or he may sue each one separately, until full satisfaction for the injury has been obtained. This is true where the negligence of one or more persons concurred in committing the injury, although there was no common design or concerted action among the wrongdoers. They are all jointly and severally liable for all damages resulting from a single injury.[2]

 The removal jurisdiction of the United States district courts is broader in some cases and narrower in others than its original jurisdiction; for instance, it is broader in actions under Section 1441(c) and narrower in actions under Section 1445 (a) of said Title 28. The real question, then, on this appeal is whether the court below acquired jurisdiction of this suit upon its removal under said Section 1441(c). In other words, did the court below err in overruling appellant's motion to remand the cause to the state court? In the absence of a fraudulent joinder, which is not asserted here, this question turns upon the well-pleaded facts alleged in the complaint, which are substantially as follows:

 On the morning of February 13, 1948, the appellant was riding as a passenger on a bus of the appellee Houston Transit Company. At the same time, a truck of appellee Halliburton Oil Well Cementing Company was negligently approaching from the rear of said bus. The truck driver negligently failed to observe the presence of the bus, and crashed into the rear of the same with great force and violence, causing serious bodily injuries to the appellant. Separate and specific acts of negligence on the part of both drivers were alleged. The negligence of each was alleged to be a proximate cause of the injury, and the collision was alleged to have resulted from the negligence of the truck driver and the bus driver in causing the two vehicles to collide. Although the word concurrent was not used in describing the appellee's acts of negligence, it is apparent from the other facts stated in the complaint that the tort resulted directly and proximately from their concurrent negligence. The collision could not have happened without the two vehicles attempting to occupy the same space at the same time; and, when it was alleged that it did happen as a result of the separate acts of negligence of the respective drivers, it followed as a necessary inference of fact that the injury was caused by the concurrent negligence of the appellees. While good pleading may have warranted the alleging of concurrent negligence as an ultimate fact, the absence of such an allegation was not material, since the facts actually alleged constituted the only evidence necessary to prove concurrent negligence as the proximate cause of the injury.

Under the Judiciary Act of 1789, 1 Stat. 73, 79, the grounds of removal were alienage, diversity of citizenship, and claim of right or title to land in litigation under a grant from another state. No right of removal was given where a non-resident was joined as a co-party with a citizen. The pertinent provisions of this act remained in effect without revision or amendment for 77 years. The act of July 27, 1866, 14

---

[2] McBeath v. Campbell, Tex.Com.App., 12 S.W.2d 118; Austin Road Company v. Pope, Tex.Sup., 216 S.W.2d 563; Snodgrass v. Kelley, Tex.Civ.App., 118 S.W.2d 836. The following is from Cooley on Torts, 4th Ed., Vol. 1, p. 279: "The rule seems to have become generally established that, although there is no concert of action between tort feasors, if the cumulative effect of their acts is a single, indivisible injury, which it cannot certainly be said would have resulted but for the concurrence of such acts, the actors are to be held liable as joint tort feasors."

Stat. 306, brought into being the right of one or more defendants to remove cases on the now familiar ground of a separable controversy. The act of March 2, 1867, 14 Stat. 558, followed, with the idea of extending further the scope of such jurisdiction; but it was not until the act of March 3, 1875, 18 Stat. 470, that a special category, the controversy within a suit, was introduced into the federal removal statute for the benefit of all non-resident defendants. Then the act of March 3, 1887, 24 Stat. 552, repealed all former acts relating to removal, and provided that, when there should be a controversy in any suit within its provisions which was wholly between citizens of different states, and which could be fully determined as between them, then either one or more of the defendants actually interested therein might remove the entire suit to the federal court. The act of August 13, 1888, 25 Stat. 433, was a correction and re-enactment of the act of 1887. These acts were expressly repealed by Section 297 of the Judicial Code of 1911, and were re-enacted in all substantial provisions as Section 28 of said code.[3] The provision therein with reference to separable controversies remained in effect without change until September 1, 1948, when Chapter 89, new Title 28, of the United States Code Annotated became effective.

■ Under the act of 1789, unless all of the defendants were citizens of states different from all of the plaintiffs, the suit was not removable even though it contained separable controversies and separate causes of action against citizens of other states. The doctrine of fraudulent joinder had its inception in the courts, and originally was a judicial pronouncement intended to protect non-resident defendants from any misstatement of fact or misjoinder of parties or causes of action knowingly made by plaintiffs for the purpose of conferring jurisdiction upon or defeating removal to a federal court. In the absence of a fraudulent joinder, the course of removal legislation was this: The whole suit remained in the state court from 1789 to 1866, though it contained separate and separable controversies or causes of action; from 1866 to 1875, the suit was split into two parts, with one part left in the state court and the other removed to the federal court; from 1875 to Sept. 1, 1948, if a separable controversy appeared from the plaintiff's pleadings, the entire suit was removed to the federal court, which determined all questions of joinder, non-joinder, misjoinder, or multifariousness, and all issues of fact; and the court was required to dismiss or remand in whole or in part as justice required.[4]

■ Under the new Judicial Code, separable controversies were abolished, as a distinct ground of federal removal jurisdiction, and Section 1441(c) of said code was substituted in lieu thereof. The separable controversy was uprooted, but the soil in which it flourished remains. The difference between the two concepts is one of degree, not of kind; and the basic principles are as applicable now as they were under prior statutes. We are still governed by the local law as to the plaintiff's substantive right and the joint or several character of his claim. The federal authorities are still potent to the effect that the plaintiff has the right to select the forum; to elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination. They are also potent to the effect that, if the complaint is filed in good faith, the cause of action, for the purpose of removal, is deemed to be that which the plaintiff has undertaken to make it; that the defendant cannot make separate a cause of action which the plaintiff has elected to make joint; and the same is true as to all other questions with respect to federal jurisdiction and the statutory remedy of removal.

■ That a separate defense may defeat a joint recovery, but cannot deprive the plaintiff of his right to sue joint tort-feasors jointly, is a federal rule that was announced under the separable-controversy provisions of the old statute, which is still sound and capable of being used in cases under Section 1441(c) of the new code.

---

[3] 28 U.S.C.A. § 71.

[4] Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514.

Other doctrines upon the remedy of removal are put forth in a number of federal decisions that are as applicable in this case as they were under the statute which was in force from 1875 to 1948. In Chesapeake & Ohio Railway Company v. Dixon, 179 U.S. 131, 21 S.Ct. 67, 71, 45 L.Ed. 121, the Supreme Court held, in an action of tort, that concurrent negligence was charged and, therefore, there was no separable controversy. In that case the court also said: "Chicago, Rock Island, etc·, Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055, is another case in which an action for concurrent negligence was held not to present a separable controversy." In Alabama & Great Southern Ry. Co. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L·Ed. 441, 4 Ann.Cas. 1147, the court held that: (1) In the absence of a fraudulent joinder, the right of removal depends upon the allegations of plaintiff's complaint; (2) a railroad company may be sued jointly with its conductor and engineeer when liability is predicated solely upon the negligence of its resident employees, even though no separate act of concurrent negligence is charged against the company.

To the same effect is Cincinnati, N. O. & Texas, Pacific Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann.Cas: 1152, which was considered by the court at the same time as the Thompson case. It was a suit for the death of a yard brakeman and switchman, who was killed, while uncoupling cars, by the negligence of the engineer. The Company was sued jointly with the engineer, and the former filed its petition to remove on the ground of a separable controversy. The court held that the action for death by negligence was regulated by the constitution and statutes of Kentucky, which made the Company jointly or severally liable for the acts of its servants, and gave the plaintiff the right of election to join the master and servant in one suit; that a separable controversy must be shown upon the face of the declaration; and that a defendant has no right to say that an action shall be several which the plaintiff has elected to make joint. It said that a state has the unquestionable right to regulate actions for negligence; and that, where it has provided that the plaintiff may proceed jointly or severally, there is nothing in the federal removal statute which will convert an action into a separable controversy, because of the presence of a non-resident defendant, if the plaintiff in good faith and in due course of law elected to sue jointly.

In Wecker v· National Enameling Co.,. 204 U.S. 176, 27 S.Ct. 184, 187, 51 L.Ed. 430, 9 Ann.Cas. 757, the court analyzed Alabama & Great Southern Railway Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161,. 50 L.Ed. 441, 4 Ann.Cas. 1147, and upon the authority of that and previous cases said: "If the complaint is filed in good faith, the cause of action, for the purposes. of removal, may be deemed to be that which the plaintiff has undertaken to make it". In Illinois Central Railroad v. Sheegog, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208, the court impliedly held that there was no separable controversy because separate or additional acts of negligence against the Illinois Central were relied on; for instance, neither resident defendant was responsible for the defective engine or cars. This was an additional matter which the non-resident was required to defend, but it did not create a separable controversy. In Southern Railway Co. v. Miller, 217 U.S. 209, 30 S·Ct. 450, 54 L.Ed. 732, the court held that the case was ruled by Alabama & Great Southern R. R. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann·Cas. 1147, and it made no difference that the liability of the Railroad Company was statutory and that of the other defendants was at common law.

In Chicago, Burlington & Quincy Railroad v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521, the court held that the plaintiff had the right to elect whether to file a joint action in the state court, and that it was not fraudulent to make it joint, even if the plaintiff did so to prevent removal. See also Chicago, Rock Island & Pacific Railway Co. v. Schwyhart, 227 U.S· 184, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, Rock Island & Pacific Railway Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed· 1090; Chesapeake & Ohio Railway Co. v. Cockrell, Administrator, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; American Car and Foundry Co. v. Kettlehake, 236 U.S. 311,

35 S.Ct. 355, 59 L.Ed. 594; Chicago & Alton Railroad Co., et al. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826; Mecom, Admr. v. Fitzsimmons Drilling Co., Inc., et al., 284 U.S. 183, 51 S.Ct. 488, 75 L.Ed. 1431; Pullman Company, et al. v. Jenkins, et al., 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

The result in Pullman Co. v. Jenkins, supra, was the same as in all similar instances in the Supreme Court where the action was for damages for wrongful death or personal injuries: the case was remanded. The most important part of this decision for present purposes is the holding that the first count of the declaration stated a joint cause of action against all of the defendants. There, as in the case before us, there was one wrong which gave rise to a joint or several cause of action. There, the question was not whether separate suits might have been brought, but whether a joint one would lie. The answer was that it would, and the answer is the same whether we are looking for a separable controversy or a separate and independent claim or cause of action.

The gravamen of appellant's case here consists in the violent collision that caused his injury. Although there was no concert of action between the tort-feasors, the cumulative effect of their several acts was a single, indivisible injury which certainly would not have resulted but for the concurrence of such acts. In these circumstances, the actors may be held liable as joint tort-feasors.[5] A plurality of negligent acts does not establish more than one cause of action so long as their effect is the violation of only one right by a single wrong. The mere multiplication of grounds of negligence does not result in multiple causes of action unless, under the facts, there has been a violation of multiple legal rights. The claim or cause of action, then, is not the negligent act or any group of facts, but the result of these in a legal wrong. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069.

Finally, the separate acts of negligence by each of the appellees were simply component parts of one occurrence, the legal result of which was joint liability on the part of the joint tort-feasors; and joint liability for the whole tort negatives the idea of a separate and independent claim on the part of one of the defendants. The judgment appealed from is reversed, and the cause remanded to the court below with directions to remand the same to the state court.

Reversed.

---

[5] See authorities cited in note 2 hereof.