## WILLOUGHBY v. SINCLAIR OIL & GAS CO. et al.

### No. 4152.

United States Court of Appeals
Tenth Circuit.

April 19, 1951.

2. Senate Report No. 553, Calendar 541, p. 8, to accompany S. 620.

Paul W. Updegraff, Norman, Okl. (Joe A. Smalley, Norman, Okl., was with him on the brief), for appellant.

Robert L. Imler, Tulsa, Okl., and Clyde J. Watts, Oklahoma City, Okl. (Ralph W. Garrett, Dudley C. Phillips, Tulsa, Okl., and Mart Brown, Oklahoma City, Okl., were with them on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The primary question here is whether this cause or causes of action are removable under Section 1441(c), 28 U.S.C.A., from the state court where originally filed, to the United States District Court for the Western District of Oklahoma. The question is presented on an appeal from an order enjoining the parties from proceeding in the state court, and a preliminary question is whether the trial court actually issued the injunctive order from which the appeal was taken; if so, whether the order was set aside so as to moot the question.

The questions are presented on these facts. This action was brought in the District Court of Cleveland County, Oklahoma, by the administratrix of the Estate of Vester E. Willoughby, for compensatory and punitive damages for his wrongful death, allegedly resulting from an explosion when he accidentally lighted propane gas which had gathered around a new hot water heater in the basement of his home. The explosion was alleged to have been caused by the negligent failure of the defendants, Sinclair Oil and Gas Company "and/or" Peppers Refining Company, to effectively odorize the propane sold by one or both of the defendants, and from whom the decedent purchased it. The explosion is also alleged to have been caused by the failure of defendant, Fischer and Son Plumbing Company, to test the connections when it installed the heater as subcontractor for defendants, Barber and Short. Each of the separate acts of negligence is alleged to have been the proximate cause of the explosion and the resultant injuries. The prayer was for judgment against the defendants jointly and severally in the sum of $165,960.80 compensatory damages, and $25,000 punitive damages against each of the defendants. Sinclair, the only nonresident defendant, removed the case to the federal court on the grounds that the complaint stated "a separate and independent claim or cause of action" against it under 28 U.S.C.A. § 1441(c).

A motion to remand was sustained. 89 F.Supp. 994. After remand, Peppers Refining Company was dismissed from the suit without further amendment. Thereupon, Sinclair again removed the case, contending that since Peppers was the only defendant jointly or concurrently liable, the case was now removable by it as a separate and independent cause of action. When, in the hearing on the second motion to remand, the trial court indicated its disposition to retain jurisdiction, and plaintiff's attorney indicated his intention to nevertheless proceed in the state court, the trial court stated for the record that "the motion to remand is overruled and an injunction against the parties to proceed in the state court is entered."

The Clerk's minutes, entered July 31, 1950, recited that the motion to remand was overruled, and exception was allowed, and "Plaintiff and her counsel enjoined from proceeding further in the state court." The Clerk's minutes also recite that on the same day, plaintiff filed notice of appeal from the order of July 25, 1950, and also from the order of July 31, 1950, enjoining plaintiff from proceeding further in a state court, and that on the same date, a cost bond on appeal was filed. The order signed by the court, filed August 2, 1950, recited that "the court, upon consideration, is of the opinion that an injunction against further proceedings in state court is unnecessary at this time. The order granting an injunction entered at the hearing is therefore set aside." The appellees contend that this order is not appealable because it was never entered, and if so, it was set aside when the order on the motion to remand was finally signed and filed.

■ On the question whether the docket entries by the clerk constituted the judgment of the court, we recently held in Lucas v. Western Casualty & Surety Co., 10 Cir., 176 F.2d 506, following Rules 79 and 58, Fed.Rules Civ.Proc. 28 U.S.C.A. and supplemental Rule VII of the Western District of Oklahoma, that no order of this kind was effective in the Western District of Oklahoma before its notation in the civil docket by the clerk at the specific direction of the court. But here, unlike the Lucas case, the order appealed from was entered by an appropriate notation on the docket at the specific direction of the court, and the judgment was therefore effective as of that date, to-wit, July 31, 1950. The filing of notice of appeal and the cost bond on the same date deprived the court of jurisdiction to set aside the judgment at a later date. Miller v. United States, 7 Cir., 114 F.2d 267; Jordan v. Federal Farm Mortgage Corp., 8 Cir., 152 F.2d 642; Midland Terminal Ry. Co. v. Warinner, 10 Cir., 294 F. 185.

■ It is settled beyond doubt that an order denying a motion to remand is not appealable, but an order enjoining the parties from proceeding in the state court is appealable. See Johnson v. Butler Bros., 8 Cir., 162 F.2d 87, 172 A.L.R. 1157; Morgan v. Kroger Groc. & Baking Co., 8 Cir., 96 F.2d 470; Cray, McFawn & Co. v. Hegarty, Conroy & Co., 2 Cir., 85 F.2d 516; Peters v. Standard Oil Co. of Texas, 5 Cir., 174 F.2d 162, 164. We conclude that the judgment is appealable.

In denying the motion to remand, the trial court took the ultimate view that the failure to specifically allege concurrent negligence and the specific allegation that the separate acts of negligence were the proximate cause of the harm, amounted to separate and independent claims within the meaning of Section 1441(c).

Under the last construction of the separable controversy clause of Section 71, 28 U.S.C.A., if defendants were charged with negligence, but the charge against the non-resident defendant was based on different and non-concurrent acts of negligence and a cause of action which was joint in character was not alleged, a separable controversy was presented. Where, however, in the absence of clear proof of bad faith in the joinder, concurrent acts of negligence on the part of the defendants sued as joint tort-feasors were sufficiently alleged, a separable controversy was not presented, and the fact that the defendants might have been sued separately afforded no ground for removal. Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334. But see Mr. Justice Black's concurring opinion, 305 U.S. at page 544, 59 S.Ct. 347, 83 L.Ed. 334.

In the revision of the Code, effective September 1, 1948, Section 71, 28 U.S.C.A., on removal of causes became Section 1441, 28 U.S.C.A., and the litigation-provoking separable controversy provisions of the former Code were supplanted by Paragraph (c) of Section 1441, which provides that "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein * * *." By the substitution of the words "separate and independent claim or cause of action" for the juristic phrase "separable controversy" to delineate federal jurisdiction, the revisers avowedly intended to decrease the volume of federal litigation by eliminating the removability of a separable controversy unless it constitutes a separate and independent claim or cause of action. See Revisers' Notes to Section 1441, 28 U.S.C.A. According to Professor Moore, the revisers "eliminated the separable controversy which involves the joinder of multiple parties interested in one cause of action, and confined removal to the situation where there is a joinder of two or more causes of action." See Prof. Moore's Commentary on the United States Judicial Code, p. 239. And see American Fire and Casualty Co. v. Finn, 71 S.Ct. 534.

■ Thus, where in any suit there is more than one defendant, one of whom is a citizen of the state of the plaintiff, in order to be removable under Section 1441 (c), there must be more than one claim or cause of action, and the claim against the

non-resident defendant must be separate and independent from the claim or cause of action asserted against the resident defendant.

Generally, "a 'cause of action' may mean one thing for one purpose and something different for another." United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 53 S.Ct. 278, 280, 77 L.Ed. 619. In his Commentaries on the Revised Code, Professor Moore would have us use the terms "claim" and "cause of action" synonymously and in the same broad sense in which the word "claim" is used in the Federal Rules of Civil Procedure, i. e., as a short and plain statement showing that the pleader is entitled to relief in any form grantable by the court. The claim may be stated in the alternative, hypothetical or conditional, either in one or separate counts. See Rules 8(a, e), 10(b) and 54(c), F.R.C.P. In other words, "to denote the aggregate of operative facts which give rise to a right enforceable in the courts." Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187, 189. See also Birnbaum v. Birrell, D. C., 9 F.R.D. 72; Clark on Simplified Pleading, 2 F.R.D. 456, 463.

Consistently with this concept of "claim or cause of action," Professor Moore says that where "a group of operative facts give rise to a claim on the part of the defendant, as where several persons contribute to his injury and he sues one or more of them in one action, the plaintiff is proceeding on one cause of action and it is not removable under Section 1441(c)." Thus, "where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of Section 1441(c)." Moore's Commentaries, pages 238 and 251. See also Notes 12 and 13, American Fire & Casualty Co. v. Finn, supra.

Thus, in the American Fire and Casualty Company case, the Supreme Court held that a claim for relief in the alternative against three defendants, one of which was a resident of the state of the complainant, was not "separate and independent." After "Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c)," the Supreme Court concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." [71 S.Ct. 537.]

And, construing the statute in the light of Mr. Moore's comments, other courts have said that a complaint which alleges but one redressable wrong growing out of a "coincidence of basic operative facts" for which joint and several relief is sought against resident and non-resident defendants, is not a separate and independent claim within the meaning of Section 1441(c). Mayflower Industries v. Thor Corp., 3 Cir., 184 F. 2d 537. The claim is said not to be separate and independent if the separate acts of negligence of the tort-feasors are "simply component parts of one occurrence," the legal result of which is joint liability, for joint liability for the whole tort negatives the idea of a separate and independent claim. Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788, 793. See also Edwards v. E. I. DuPont de Nemours & Co., 5 Cir., 183 F.2d 165; Doran v. Elgin Cooperative Credit Ass'n, et al., D.C.Neb., 95 F.Supp. 455. It has been suggested that a ready test for a separate and independent claim or cause of action is whether the satisfaction of the judgment against one party to the suit would be satisfaction against all. That is, if joint relief is sought, the claim is not separate and independent. See Judge Goodrich's special concurrence in Mayflower Industries v. Thor Corp., supra.

Were we to embrace Professor Moore's interpretation of the statute and the cases in accord, we could conclusively dispose of our question by borrowing the language of Judge Holmes in Edwards v. E. I. DuPont de Nemours & Co., supra, 183 F.2d at page 168, to say that in our case "There was but

one accident, one explosion, one catastrophe, one civil wrong or injury; in a word, one tort, resulting from one or more negligent acts; it culminated in the injuries to appellant. Leading up to the final event were a series of transactions, and doubtless several acts of negligence, that materially contributed to the tragic end * * * but there was only one wrong, one infraction of a legal right; and it gave rise to a joint or several cause of action, which appellant has elected to make joint."

But we are not prepared to go the whole way, or for that matter to establish the rule of this Circuit governing removability under Section 1441(c), since in our view, the complaint, liberally construed, sufficiently makes out a case of concurrent negligence, which, even under the separable controversy rule, would bar removal. As the trial court so aptly said when it first remanded the case, "Although there is no express allegation of 'concurrent' negligence as such in the plaintiff's petition, the facts alleged clearly indicate that the negligence was concurrent in the sense that the tortious act or omission of each defendant was a substantial factor contributing to the ultimate injury." It went on to say that "Such acts or omissions were also concurrent causes in the sense of being 'causes acting contemporaneously and which together cause the injury, which injury would not have resulted in the absence of either'." At that time, the court was of the view that the failure to use the word "concurrent" was not decisive if the factual allegations conveyed the same meaning, citing Bentley v. Halliburton Oil Well Cementing Co., supra. See Willoughby v. Sinclair Oil & Gas. Co., D.C., 89 F.Supp. 994, 996.

We agree with this view of the case, and also agree that the allegations in the complaint are clearly susceptible of the theory that the injury was caused by the concurrence of the separate acts of negligence of the two defendants. There can therefore be no separate and independent claim or cause of action asserted against the nonresident defendant.

The case is reversed and remanded with directions to sustain the motion to remand.