### SNOW v. POWELL.
### No. 4140.

United States Court of Appeals,
Tenth Circuit.
May 15, 1951.

Dwight L. King, Salt Lake City, Utah (Calvin W. Rawlings, Harold E. Wallace, Parnell Black, Brigham E. Roberts, and Wayne L. Black, all of Salt Lake City, Utah, on the briefs), for appellant.

Edward F. Richards, Salt Lake City, Utah (Harley W. Gustin, Salt Lake City, Utah, Carvel Mattsson, Richfield, Utah, and Therald N. Jensen, Price, Utah, on the briefs), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON, HUXMAN, MURRAH, and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Snow, a citizen of Utah, commenced this action in a Utah state court of general jurisdiction, against Powell, a citizen of Utah, and the The Denver and Rio Grande Western Railroad Company,[1] a corporation organized under the laws of Delaware and authorized to do business in Utah. The Railroad Company removed the action to the United States District Court for the District of Utah under 28 U.S.C.A. § 1441 (c), which provides: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may

---

1. Hereinafter called the Railroad Company.

remand all matters not otherwise within its original jurisdiction."

In his complaint filed in the state court Snow alleged that he went into the depot of the Railroad Company, at Price, Utah, at the special invitation of Fred I. Gordon,[2] station agent of the Railroad Company for the purpose of discussing with the agent the construction of a coal tipple or other loading facilities for Snow's coal business; that when Snow entered the depot Powell was present therein; that Powell accused Snow of having in his possession certain horses which Powell claimed to own; that Snow denied such accusation; that Powell immediately became enraged and attacked Snow; that Snow undertook to defend himself with his fists and retreated out of the agent's office through the depot waiting room, and out of the depot door; that Powell seized a hammer, followed Snow, and after Snow had retreated through the depot door, struck Snow's head with the hammer, causing Snow serious personal injuries.

The complaint further alleged that the Railroad Company and the agent, prior to such assault, knew that Powell was a man of extremely vicious disposition; that the agent having such knowledge and having authority to evict Powell from the Railroad Company's premises, nevertheless invited Powell on to such premises; that the agent had the authority and was under the duty to preserve peace and order on such premises; that the agent, although he observed the commencement of such assault, took no action to preserve peace and order and neglected, failed, and refused to take any measures to prevent or arrest such assault. Snow prayed for damages jointly and severally against Powell and the Railroad Company.

After the action was removed, the Railroad Company filed a motion for severance, which was granted. Thereupon, Snow filed a motion to remand the severed cause of action against Powell, not on the ground it was improperly removed, but under the discretionary power vested in the District Court by § 1441(c), supra. That motion was denied. The claim against the Railroad Company was compromised and a judgment was entered dismissing the action against the Railroad Company, but reserving to Snow all of his rights, claims, and demands against Powell.

From a judgment in favor of Powell, Snow has appealed.

The term "claim" and the phrase "cause of action" we think are used synonymously in § 1441(c), supra, and we shall use the word "claim" hereinafter as embracing both that term and the phrase "cause of action."

■ An action is removable under § 1441(c), supra, only when the complaint in the state court sets up two or more claims, where one of such claims is separate and independent from the others and where an action brought on it alone would have been removable.[3]

■ The critical words "separate" and "independent" are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability.[4]

■ The word "separate" means distinct; apart from; not united or associated. The word "independent" means not resting on something else for support; self-sustaining; not contingent or conditioned.

While here the complaint charged two wrongs in the sense of a wilful, wrongful act on the part of Powell and a negligent breach of duty on the part of the Railroad Company, the positive act of Powell and the omission of the Railroad Company coacted to cause a single injury to Snow. The wrong of the Railroad Company was not independent of the wrong of Powell. It was contingent and dependent upon it. Without the act of Powell the wrong of the Railroad Company could not have re-

2. Hereinafter referred to as the agent.

3. Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902.

4. American Fire and Casualty Co. v. Finn, 71 S.Ct. 534.

sulted in any injury to Snow. Prompt performance of the Railroad Company's duty to preserve order would have prevented the blow which injured Snow.

■ Since there was a single injury for which Snow sought relief, and since the omission of the Railroad Company was associated with and dependent upon the positive act of Powell, we are of the opinion that no separate and independent claim was alleged against the Railroad Company and that the action was not removable.[5]

The cause is Remanded with instructions to vacate the judgment and Remand the action to the state court.

Judge PICKETT concurs for the reasons stated in the special concurring opinion of Judge MURRAH, which follows.

MURRAH, Circuit Judge (concurring specially).

I agree with the majority that the complaint does not state a separate and independent claim or cause of action against the nonresident Railroad Company, and that the case therefore should be remanded to the state court. But, I arrive at my conclusion for wholly different reasons.

The basis of my conclusion is that a pleading which alleges but one wrong or injury, for which single relief is sought, cannot constitute a separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse the basis of their liability. Thus, the basis of the liability may be in tort for the co-active or mutually dependent acts of the defendants, as here, and in Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788; Edwards v. E. I. DuPont de Nemours & Co., 5 Cir., 183 F.2d 165; and Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902; or it may be conditioned in the alternative as in American Fire and Casualty Co. v. Finn, 71 S.Ct. 534. A separable controversy could and often was pleaded in one claim or cause of action under the removable statute before revision. And, separate and independent claims may be permissibly pleaded under Section 1441(c). But, what is permissibly pleaded as one claim cannot conceivably be made into separate and independent claims under Section 1441(c). Here, the plaintiff pleaded but one injury and sought but one judgment. He stated but one claim, which cannot be separate and independent within the meaning of Section 1441(c).

A separate and independent claim is a permissible pleading in a suit in which more than one redressible wrong or injury is alleged and for which separate and independent relief is sought. If separate and independent relief is sought against more than one defendant, one of which is a nonresident, the nonresident, as to whom alone separate and independent relief is sought, may remove the entire suit to the federal court. After removal, the court may retain the entire case, or in the interest of the administration of justice, remand the separate and independent claim between the local parties.

I respectfully dissent from the reasoning of the majority because, in my judgment, it leaves the erroneous impression that a pleading which states a claim for relief in the requisite amount against a resident and nonresident, and which does not specifically allege that the harm or injury was brought about by the co-active or mutually dependent acts of the resident and nonresident defendants, is susceptible of being removed as a separate and independent claim or cause of action. This construction of Section 1441(c) fails to recognize and assimilate the rule of modern pleadings. See Rules 8(a, e), 10(b) and 54(c), F.R.C.P., 28 U.S.C.A. It is misleading and dangerous because it leads us back into the confusing paths of separable controversy.

In sum, I would adopt the ready test suggested, but not adopted, in the Willoughby case.

---

5. American Fire and Casualty Co. v. Finn, supra; Willoughby v. Sinclair Oil & Gas Co., supra.