Samuel F. GRAY, Jr., a minor, by Samuel F. Gray, Sr., his father and next friend, Appellant,

v.

The NEW MEXICO MILITARY INSTITUTE, The Fidelity and Casualty Company of New York, and Col. John Doe Ward, Appellees.

No. 5616.

United States Court of Appeals Tenth Circuit.

Oct. 11, 1957.

R. F. Deacon Arledge, Albuquerque, N. M. (Charles Driscoll, Albuquerque, N. M., on the brief), for appellant.

Ross L. Malone and Paul A. Cooter, Roswell, N. M. (Atwood & Malone, Roswell, N. M., of counsel), for appellees.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant, Samuel F. Gray, Jr., a minor acting by his father and next friend, brought suit in the District Court of Bernalillo County, New Mexico, against the New Mexico Military Institute,[1] the Fidelity and Casualty Company of New York[2] and Col. John Doe Ward, for injuries which he, the plaintiff, allegedly received while a student at the Institute. The Insurance Company removed the case to the United States District Court for the District of New Mexico. No petition to remand was filed. After a jury trial, verdict was returned against the plaintiff. In a motion for new trial plaintiff asserted that the case was improperly removed to federal court and that the federal court had no jurisdiction. The motion was overruled. Plaintiff appeals from the judgment in favor of the defendants.

The complaint is set up in two causes of action, the first of which is divided into two counts. In the first count of the first cause of action the plaintiff alleges that while he was a student at the Institute he was injured in a fall occasioned by the negligence of the Institute and its employees. The second count of the first cause of action is predicated on an alleged breach of contract which was made by the plaintiff's father with the Institute and its superintendent, Colonel Ward, and of which the plaintiff was a third-party beneficiary. The first cause of action concludes with a prayer for a judgment against the Institute and Colonel Ward in the sum of $150,000.

The second cause of action avers that the defendant Insurance Company entered into a contract to insure the Institute, its superintendent and employees from liability for negligence; that the Insurance Company has wrongfully denied that there was any negligence toward the plaintiff; and that the Insurance Company "has wrongfully threatened to plead (in spite of its contract of Insurance and receipt of premium) that the Defendant New Mexico Military Institute and its agents, servants, and employees are surrounded by a 'Governmental Immunity' and cannot be sued." The prayer of the second cause of action is for a declaratory judgment that the Institute and its employees damaged plaintiff by their negligence; that a contract of insurance exists between the defend-

---

1. Hereinafter referred to as the Institute or the Insured.

2. Hereinafter referred to as the Insurance Company or the Insurer.

ants and the plaintiff; that the Insurance Company may not plead or defend under a doctrine of "Governmental Immunity," and that the plaintiff recover from the Insurance Company damages in the sum of $150,000.

Summons was not served on Colonel Ward. The Insurance Company filed a timely petition for removal to federal court alleging that the plaintiff is a New Mexico citizen; that the Insurance Company is a New York corporation and citizen, and that the action involves controversies which are separate and independent claims.

After the case reached the federal court there was no motion to remand. The second count of the first cause of action, which was based upon the alleged contract liability, was dismissed on motion.

The case went to the jury on the cause of action against the Institute for negligence. The court reserved the declaratory judgment action against the Insurance Company for determination after the trial of the question of the negligence of the Institute. The jury found against the plaintiff. Judgment went in favor of the defendants, the Institute and the Insurance Company.

■ The plaintiff is a New Mexico citizen. The Institute, one of the defendants, is an agency of the State of New Mexico.[3] The case is not removable on the petition of the Insurance Company, a New York citizen, unless the complaint states as against the Insurance Company a separate and independent claim or cause of action which would be removable if sued on alone.[4]

· The basis of the declaratory action against the Insurance Company is that it had issued its liability insurance policy insuring the Institute and its employees for negligence; that it wrongfully denied negligence; and that it wrongfully threatened to plead immunity of the Institute from suit. The right to remove depends on whether this is a separate and independent claim within the purview of 28 U.S.C. § 1441(c).

■ Removability on the ground of separate and independent claims must be determined on the basis of the pleadings at the time of removal.[5]

In applying section 1441(c) this court in Snow v. Powell, 10 Cir., 189 F.2d 172, 174, said:

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

Plaintiff in his second cause of action anticipates defenses and seeks a declaratory judgment to determine the validity of such defenses. By such procedure the plaintiff tort-claimant seeks to establish the liability of the Insurer for the tort. Before he can do this he must first establish the tort, that is, the negligence of the Institute or its employees. So far as the record shows there is no dispute between the Insured, the Institute and its employees, on the one hand, and the Insurer on the other hand. The most that can be said is that, as between the Insurer and the tort-claimant, there exists the makings of a potential controversy in the future.[6] This potential controversy is contingent upon a determination of the occurrence of the tort. It is united and associated with the tort and depends for its support on the establishment of tort liability.

■ The declaratory judgment remedy may not be invoked merely to try

3. New Mexico Statutes Annotated 1953, §§ 73-28-1 to 73-28-11.

4. 28 U.S.C. § 1441.

5. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; Ameri-

can Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702; McLeod v. Cities Service Gas Co., 10 Cir., 233 F.2d 242, 245-246.

6. Cf. Indemnity Ins. Co. of North America v. Kellas, 1 Cir., 173 F.2d 120, 124.

issues or determine the validity of defenses in pending cases.[7]

Since the adoption in 1948 of section 1441(c), this court has had before it three cases involving the removability of a case by a non-resident defendant on the ground of the existence of separate and independent claims. In the first of these, Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902, 906, the court held that the complaint sufficiently made out a case of concurrent negligence which would bar removal.

Snow v. Powell, supra, was an action for personal injuries wherein Snow alleged that he was assaulted by Powell on premises of the Denver & Rio Grande Western Railroad Company. The complaint charged a wilful and wrongful act on the part of Powell and a negligent breach of duty on the part of the railroad company in its failure to preserve peace and order on its premises. The court held, 189 F.2d 175, that since there was a single injury and since the omission of the railroad company was associated with, and dependent on, the positive act of Powell, there was no separate and independent claim alleged against the railroad company and the action was not removable on its petition.

McLeod v. Cities Service Co., supra, was an action for negligent injury to land. The Cities Service Co. had performed certain "clean-up operations" in connection with oil and gas operations on the land. Later it had contracted with defendant Miller for the performance of similar work. A fraudulent joinder of defendants to prevent removal was pleaded by Cities Service. At a hearing on a petition to remand the evidence was that Miller had nothing to do with the allegedly negligent clean-up operations conducted by Cities Service during a particular period. The petition for remand was denied and the plaintiffs later amended their pleadings to state separate and independent claims against Cities Service for one period and against Miller and Cities Service jointly for another period. The trial court made no findings in connection with its denial of the motion to remand. This court said that under the circumstances it could not say that the denial of the motion to remand was clearly erroneous.

None of these cases involved facts analogous to the situation now presented. In the case at bar there is no allegation of concurrent negligence or of the concurrence of a wrongful act and a negligent breach of duty. Rather there is an assertion of alternative liability. The situation is more nearly like that considered by the United States Supreme Court in American Fire & Casualty Co. v. Finn, supra. That was a suit to recover for a fire loss. The plaintiff, a Texas citizen, sued an insurance broker named Finn, also a Texas citizen, and two non-resident insurance companies. The single wrong for which relief was sought was failure to pay compensation for the loss of the property. The question was the liability of one of the defendants for the loss. The court held that there was no right of removal, saying, 341 U.S. 14, 71 S.Ct. 540:

> " * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

■ Applying this rule we look to the plaintiff's complaint which controls. He seeks relief for a single wrong, the alleged negligence of the Institute and its employees. A single recovery is sought.

7. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325; Western Contracting Corp. v. National Surety Corp., 4 Cir., 163 F.2d 456, 459; Standard Accident Ins. Co. v. Leslie, D.C.Ill., 55 F. Supp. 134, 137; Buffalo Creek Co-op State Grazing District v. Anderson, D.C. Mont., 72 F.Supp. 330, 333; Kaiser Co. v. Ric-Wil Co., D.C.Ohio, 95 F.Supp. 54, 55; Anderson, Declaratory Judgments, Second Edition, Vol. 1, p. 439; cf. Indemnity Ins. Co. of North America v. Kellas, supra; American Tel. & Tel. Co. v. Henderson, D.C.Ga., 63 F.Supp. 347; Borchard, Declaratory Judgments, Second Edition, pp. 349–350.

A pleading which alleges but one wrong, for which single relief is sought, cannot constitute a separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse their basis of liability.[8]

█ If a plaintiff tort-claimant in a negligence action may assert a claim under the declaratory judgment procedure to determine the validity of defenses which he anticipates will be raised by the insurer of the person committing the alleged tort, then the insurer has a similar right.[9] Section 1441(c) requires that the claim be separate and independent. Should it be held that the claim here is separate and independent, then the Insurer would have a right to bring suit for a declaratory judgment to determine the validity of these defenses, and if the jurisdictional requirements are present that suit could be brought in federal court. This would produce the anomalous situation of the federal court determining defenses in cases pending in state courts. The absurdity of situations that might so develop is discussed in Indemnity Co. of North America v. Kellas, supra, 173 F.2d at pages 124–126.[10] The anticipation of a defense is not the assertion of a separate and independent claim.

As the case was not properly removable the United States District Court was without jurisdiction.[11] The judgment is reversed with directions to remand the case to the District Court of Bernalillo County, New Mexico.

---

8. See specially concurring opinion of Judge Murrah in Snow v. Powell, supra, 189 F.2d at page 175.

9. The character of the controversy and of the issue to be determined is essentially the same whether it is presented by the tort-claimant or by the insurer. Cf. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 244, 57 S.Ct. 461, 81 L.Ed. 617.

10. It should be noted that the record does not disclose any conflict between the Insured and the Insurer. Cases involving the duty of an insurer to defend are not pertinent.

11. As there was no diversity between the plaintiff and at least one of the defendants, the Institute, this was not a case of which the United States District Court would have original jurisdiction. Hence this case is not within the rule that where a suit is one of which a federal court may take jurisdiction, that is, a case which a plaintiff might properly bring in federal court, and the defendant procures its removal from a state court, although such removal is wholly unauthorized, and the plaintiff acquiesces in such removal, the federal court acquires jurisdiction. Donahue v. Warner Bros. Pictures, 10 Cir., 194 F.2d 6, 10; Lopata v. Handler, 10 Cir., 121 F.2d 938, 940; cf. McKay v. Rogers, 10 Cir., 82 F.2d 795, 798–799.