**DENVER UNITED STATES NATIONAL BANK, Testamentary Trustee under the Last Will and Testament and Codicil thereto of Agnes Reid Tammen, Deceased, Plaintiff,**

v.

**Helen Crabbs RIPPEY, Bruce R. Rippey, A. Gordon Rippey, Cynthia Rippey Catron, Scott R. Rippey, a minor, Kent G. Rippey, a minor, Glenn T. Rippey, a minor, Gregg W. Rippey, a minor, Andrea R. Catron, a minor, Bentley R. Catron, a minor, the Children's Hospital Association, and all unknown persons who claim any interest in the subject matter of this action, Defendants.**

Civ. A. No. 66–C–419.

United States District Court
D. Colorado.

Oct. 26, 1966.

Davis, Graham & Stubbs, and Akolt, Shepherd & Dick, Denver, Colo., for plaintiff.

Dawson, Nagel, Sherman & Howard, and Winner, Berge, Martin & Camfield, Denver, Colo., for defendants (except the Children's Hospital Association).

Hodges, Silverstein & Harrington, Denver, Colo., for defendant the Children's Hospital Association.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This action was commenced on July 22, 1966, in the Probate Court for the City and County of Denver, Colorado. It is in a sense a companion to Civil Action No. 66–C–359 in this Court wherein two of the defendants named, Bruce R. Rippey and A. Gordon Rippey, are plaintiffs. On August 9, 1966, these two individuals

filed, pursuant to Title 28 U.S.C. § 1441, a petition for removal. Thereafter the plaintiff Bank moved to remand. Bruce R. Rippey and A. Gordon Rippey and their children are residents and citizens of Maryland and Oklahoma, respectively. The other named defendants, as well as the plaintiff Bank, are citizens of Colorado.

Inasmuch as complete diversity does not exist, the removal herein is sustainable, if at all, within the terms of Title 28 U.S.C. § 1441(c). This provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The complaint herein charges that by the filing of the action (our Civil Action No. 66–C–359, 260 F.Supp. 704), some or all of the defendants in the instant case may have lost their beneficial interest in two trusts established in the Will of Agnes Reid Tammen, here referred to as the "Tammen Trust", under the provisions of what we referred to in Civil Action No. 66–C–359 as the forfeiture clause, which is Article XVII of the Tammen Will. This clause allegedly forbids, on penalty of loss of all rights under the Will, the beneficiaries to challenge the authority and discretion granted in the Will to the trustee appointed by the testatrix. The complaint is specific in its allegation that one of the beneficiaries, Helen Crabbs Rippey, may have violated this Article XVII forfeiture clause by participating in the decision to file Civil Action No. 66–C–359 in this Court. The allegation in question reads:

"12. In addition to the direct participation of defendants Bruce R. Rippey and A. Gordon Rippey in the lawsuit aforesaid, plaintiff is informed and believes that defendant Helen Crabbs Rippey directly and indirectly aided and abetted in the instigation of said lawsuit; and plaintiff is uncertain as to the direct or indirect participation of the other named individual defendants herein in the instigation of said lawsuit."

The complaint contains the following demands for relief:

"1. That this Court enter an order authorizing and directing plaintiff to withhold all further distributions of current and future income from the two trusts established under Articles IV and VI of the Will pending the final determination of the person or persons entitled thereto.

"2. That this Court instruct the plaintiff as to its investment duties and responsibilities with respect to the investment of the proceeds received by the Article IV Trust from the sale of the stock of The Denver Post, Inc.

"3. That this Court construe the terms of the Will of Agnes Reid Tammen and instruct the plaintiff whether or not the named individual defendants, or any of them, by their conduct and actions to date, are absolutely barred and cut off from any share in the trust estates under Article IV and Article VI of the Will of Agnes Reid Tammen.

"4. That this Court enter a declaratory judgment that the sale by the plaintiff of the shares of the capital stock of The Denver Post, Inc., formerly held as an asset of the testamentary trust under Article IV of the Will of Agnes Reid Tammen, was legal and proper and pursuant to the directions given and discretions granted the plaintiff under the Will.

"5. That plaintiff recover its costs and attorneys' fees, including an appropriate allowance to plaintiff for the special work involved in this action, from the testamentary trusts under the Will or, alternatively, that the plaintiff have a judgment against the named individual defendants, jointly and severally, for such costs, attorneys' fees and allowance.

"6. Such other and further relief as to this Court may seem just and equitable in the premises."

From the allegations and demands it is to be concluded that the plaintiff seeks to obtain a total review of the Tammen Trust and requests instructions as to the Bank's responsibility for administering and distributing the corpus of the Trust. There is presented in the complaint what the Bank maintains constitutes a single wrong by all or some of the defendants. This is the contest of the Trustee's sale of the stock allegedly contrary to the forfeiture clause. The various prayers for relief purport to stem from and to be related to this single wrong. Helen Crabbs Rippey allegedly violated the clause by participating in filing the complaint against the Trustee.

The single narrow question presented here is whether the claim that the Rippey brothers have violated the forfeiture clause is a *separate* or *independent claim* or *cause of action* within the meaning of Section 1441(c) which would be removable if sued upon alone.

The restrictive character of the Statute makes this inquiry quite different from that which we were called upon to pursue in Civil Action No. 66–C–359. There, in determining whether to retain jurisdiction, we proceeded under revised Rule 19 which allows the Court to decide the case upon the basis of pragmatic factors. Here, however, we are faced with a positive law which discourages retention of the case. The burden is upon the party removing and the presumptions all favor remand to the court in which the action was originally filed.

The definitive decision on this subject is that of the Supreme Court in American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In that case a Texas citizen sued two foreign insurance companies, together with their local agent, Reiss, to recover for a fire loss. The complaint described alternative claims for recovery and demanded relief under one or the other of the policies or, alternatively, on the ground that Reiss was liable for failure to keep the property insured. The insurers removed the case to the federal court under Section 1441(c). Following entry of judgment against one of them a motion was filed on its behalf to vacate on the ground that the cause had been improperly removed. In upholding this contention the Supreme Court announced a restricted test for determining what is or is not a "cause of action":

"[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540.

The Court then went on to say:

"* * * The single wrong for which relief is sought is the failure to pay compensation for the loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. * * *

"* * * The facts in each portion of the complaint involve Reiss, the damage comes from a single incident. The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires." 341 U.S. at 14, 16, 71 S.Ct. at 540–541.

The Court noted that section 1441(c) was intended to restrict the right of removal:

"The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision, 28 U.S.C. (1946 ed.) § 71, separable controversies authorized removal of the suit. 'Controversy' had long been associated in legal thinking with 'case.' It covered all disputes that might come before federal courts for adjudication. In § 71 the removable 'controversy' was interpreted as any

possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states. So, before the revision, when a suit in a state court had such a separable federally cognizable controversy, the entire suit might be removed to the federal court." 341 U.S. at 10–11, 71 S.Ct. at 538.

The Supreme Court repudiated the former separable controversy test in favor of the narrower separate cause of action test, explaining that in a suit involving multiple parties, or issues, based on a single claim there may be only one cause of action and yet be separable controversies. The Court said that the addition of the word "independent" emphasizes congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts.

■ It must be concluded that section 1441(c) operates to limit federal jurisdiction and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." Greenshields v. Warren Petroleum Corporation, 10 Cir.1957, 248 F.2d 61, 65. See also Druen v. Druen, D.Colo.1965, 247 F.Supp. 754, 756.

The effect of the Supreme Court's construction of section 1441(c) is described by Wright, Federal Courts, 117–118, as follows:

" * * * Only a handful of cases have been removed under § 1441(c) since the Supreme Court construed it in the Finn [American Fire & Casualty Co. v. Finn, supra] case, and a strong argument can be made that in permitting removal in those cases the district courts applied the statute erroneously, or that the removal was unconstitutional.

\* \* \* \* \* \* \*

"Few, if any, diversity cases can properly be removed under this statute in the light of the construction placed on it in the Finn case.

\* \* \* \* \* \* \*

"It is not surprising that few cases meet the Finn test. Under the most liberal state joinder rules, parties are not properly joined unless there is some question of law or fact common to all of them, and some claim asserted for or against all arising out of a single transaction or occurrence or series of transactions or occurrences. The relation which the joinder of parties rules require is just the kind of relation which, according to the Finn case, bars resort to § 1441(c).

■ A further limitation is that the court is restricted by the form and shape of the pleadings as the parties have framed them. See Greenshields v. Warren Petroleum Corp., supra, 248 F.2d at 65–66; Donahue v. Warner Bros. Pictures, 10 Cir.1952, 194 F.2d 6; Preas v. Phebus, 10 Cir.1952, 195 F.2d 61, 62–63; McLeod v. Cities Service Gas Co., 10 Cir. 1956, 233 F.2d 242; Gray v. New Mexico Military Institute, 10 Cir.1957, 249 F.2d 28.

In Snow v. Powell, 10 Cir.1951, 189 F. 2d 172, the Court pointed out that the terms "separate" and "independent" are used in the conjunctive and that they should be given full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability. "Separate" was held to mean "distinct" and not "united" or "associated." The word "independent" was construed to mean "not resting on something else for support; self-sustaining; not contingent or conditioned." Id. at 174. The action in *Snow* was for injuries allegedly inflicted by an employee of the railroad company. The court said that this was but a single injury presenting neither separate nor independent claims against the employee of the railroad.

In *Donahue*, supra, the action sounded in tort. It was for invasion of privacy by a motion picture company, its distributing corporation, and a theatre chain for showing a motion picture depicting the life of the deceased. In noting that there was no separate and independent claim against the several parties the court

pointed out that the allegation was that they all acted together in exhibiting and showing the picture and thus that the injury could not be regarded as separate and independent.

In *Preas*, supra, it was held that the plaintiff's claim against a number of defendants in which he asserted the right to oil runs which the several defendants also claimed was not separate and independent notwithstanding that plaintiff had prayed for one form of relief against one defendant and another form against the others. The court concluded that the various relief sought was based upon a single invasion of the plaintiff's interest.

In *Gray*, supra, the plaintiff alleged that the defendant Military Institute had negligently injured him and had violated a contract under which he was the third party beneficiary. The complaint further alleged that defendant insurance company had issued a liability policy to the school and was wrongfully denying negligence and asserting immunity of the school from suit. The court said that where the pleading alleges but one wrong for which single relief is sought, there cannot be separate and independent claims, notwithstanding the number of defendants said to be liable, or regardless of how diverse their bases of liability might be.

█ Judged in the light of the Supreme Court's decision in American Fire and Casualty Co. v. Finn, supra, together with the several decisions of the Court of Appeals for the Tenth Circuit, it must be concluded that the Rippey brothers do not have a separate independent and removable cause of action. The complaint seeks a declaratory judgment and instructions to the plaintiff as trustee under the Will of Agnes Reid Tammen. It is clear from the allegation and prayers that the plaintiff seeks a total review of the Tammen Trust and seeks instructions as to its responsibilities in connection therewith. But withal the prayers stem from the alleged violation of the forfeiture clause.

█ Defendants say that the cause of action which is removable as a matter of right is that against the Rippey brothers which claims that they have forfeited their rights under the Will by bringing case numbered 66–C–359 in this Court. This leaves the narrow question whether the penalty which plaintiff seeks to enforce can be regarded as a separate cause of action against the two brothers distinct from the similar claim against the other beneficiaries.

In form the complaint is drawn so as to describe a single wrong by all or some of the defendants. The charge that Helen Crabbs Rippey aided and abetted Bruce R. and A. Gordon is a significant factor in this determination. By naming all of these parties as alleged principals in the single violation of the forfeiture clause which culminated in the filing of suit numbered 66–C–359, the Bank has described an inseparable and non-independent action. Joinder of Helen Crabbs Rippey, a Colorado citizen, would, of course, destroy jurisdiction based on diversity. 1A Moore, Federal Practice ¶ 0.161, 2d ed. 1965. Separation of Helen Rippey from the allegations of the complaint here would be nothing less than an arbitrary redrafting of the plaintiff's pleadings.

Even though it is argued that the action was filed so as to deprive this Court of jurisdiction, or to curtail the exercise of its jurisdiction in Civil Action No. 66–C–359, it does not follow that plaintiff has fraudulently joined some of the beneficiaries so as to prevent removal. Assuming, without voicing an opinion as to the merit of the plaintiff's action, the presence of the named defendants is supported by some logic and reason.

We must, therefore, conclude that the complaint in both form and substance precludes removal under section 1441(c). We might add that even tested by the "separable controversy" principle, the result would be the same. See, e. g., Willoughby v. Sinclair Oil & Gas Co., 10 Cir. 1951, 188 F.2d 902, 906, later clarified in Chief Judge Murrah's concurring opinion in Snow v. Powell, supra.

Finally, we point out that we are not at this juncture, in view of our conclusion, concerned with whether this is a

case *in rem, quasi in rem,* or *in personam;* nor are we concerned with whether this Court has acquired priority over the *res* here in question. Consequently, the case cited by defendants here, Princess Lida of Thurn and Taxis v. Thompson, 305 U. S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) is not now relevant. The question whether this Court or the Probate Court of Denver will ultimately have the right of way, so to speak, remains open. Therefore, the questions suggested in *Princess Lida* of Thurn, supra, and In re Lummis' Estate, D.N.J.1954, 118 F.Supp. 436, must be put to one side. The fact that we possibly face future conflicts and problems does not influence the present decision which is, as has been noted, governed by positive and mandatory statutory law. Provisions exist for resolving such conflicts at an appropriate time. See 1A Moore, Federal Practice, ¶ 0.223, 2d ed. 1965.

It is, therefore, concluded that the motion to remand in Civil Action No. 66–C–419 is valid. It should be, and it is hereby, granted. Counsel will submit a formal order for the signature of the Court.