Robert **VORBROKER** and Diane Vorbroker, Plaintiffs,

v.

NORWEGIAN CARIBBEAN LINES, INC., a Florida corporation, Auto Club Insurance Association, a Michigan corporation, Simon & Schuster, Inc., a foreign corporation, and Prentice Hall Corporation System, Inc., a Delaware corporation, jointly and severally, Defendants.

Civ. A. No. 88–CV–72399–DT.

United States District Court,
E.D. Michigan, S.D.

Aug. 26, 1988.

---

Seymour Berger, Detroit, Mich., for plaintiffs.

Richard E. Rassel, Detroit, Mich., for defendants.

### ORDER REMANDING ACTION TO STATE COURT

DUGGAN, District Judge.

This action, which was initially filed in the Oakland County Circuit Court, was removed to this Court pursuant to a Petition for Removal filed on behalf of defendant Simon & Schuster, Inc. Even though the plaintiffs and one of the defendants (Auto Club Insurance Association) are both residents of Michigan, defendant Simon & Schuster, Inc. contends that this entire case may be removed to this Court because diversity of citizenship exists between defendant Simon & Schuster, Inc. and plaintiffs, and plaintiffs' claim against Simon & Schuster, Inc. is "separate and independent" thereby permitting removal pursuant to 28 U.S.C. § 1441(c). In this Court's opinion, defendant Simon & Schuster, Inc. has incorrectly interpreted the "separate and independent" claim requirement contained in 28 U.S.C. § 1441(c).

The U.S. Supreme Court, in *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1952) held that, for the purposes of § 1441(c), separate and independent claims are not present where there is a single injury to the plaintiff:

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1952).

The Sixth Circuit, interpreting the *American Fire* case, has held that "where a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sues several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under 1441(c). *American Fire & Casualty Co. v. Finn, supra,* 341 U.S. at 14, 71 S.Ct. 534 [at 540]; *Gray v. New Mexico Military Institute,* 249 F.2d 28 (10th Cir.1957); *Snow v. Powell,* 189 F.2d 172 (10th Cir.1951)." *Union Planters National Bank of Memphis v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir.1977).

A reading of plaintiffs' complaint reveals to this Court that plaintiffs' claim against Simon & Schuster, Inc. is not "separate and independent" from plaintiffs' claim against the other defendants. Plaintiffs contend that as a result of the wrongful conduct of all of the defendants, plaintiffs were injured. While the alleged wrongful conduct attributed to defendant Simon & Schuster, Inc. may be different than the conduct attributed to other defendants, nevertheless, plaintiffs seek recovery for a single indivisible injury. The claim against Simon & Schuster, therefore, is not a "separate and independent" claim permitting removal pursuant to 28 U.S.C. § 1441(c).

Accordingly, in the absence of any other basis for federal jurisdiction over this action, the Court finds that the case was improvidently removed and must be remanded to Oakland County Circuit Court under 28 U.S.C. § 1447(c).

Now, therefore, for the reasons indicated above, it is hereby ordered that the instant action be remanded to Oakland County Circuit Court.