## BUTLER v. COREY.

No. 2425.   Opinion Filed February 11, 1913.

(130 Pac. 137.)

1.  **LANDLORD AND TENANT**—Lien on Crops—Liability of Purchaser.  A landlord entitled to rent may recover from the purchaser of any crop grown by the tenant, who has notice, either actual or constructive, of the lien, the value of the crop purchased, to the extent of the rent due.

2.  **PRINCIPAL AND AGENT**—Wrongful Act—Liability of Agent. An agent, who converts the property of a third person, is liable for such conversion; and it is no defense that his acts were committed in pursuance of his employment and for the benefit of his principal.

(Syllabus by the Court.)

*Error from Caddo County Court;*
*B. F. Holding, Judge.*

Action by Earnest C. Corey against Roy Butler.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Ballinger & Maxwell,* for plaintiff in error.

*Pruett & Livesay,* for defendant in error.

DUNN, J.   This case presents error from the county court of Caddo county, and is an action brought by E. C. Corey, as plaintiff, against the plaintiff in error, as defendant, to recover the value of certain broom corn, which, it is alleged, he converted, upon which plaintiff had a lien for rent.   At the conclusion of the evidence the court instructed the jury to return a verdict for plaintiff, which was accordingly done, on which judgment was rendered.   From the denial of a motion for a new trial, defendant has appealed to this court.

While counsel for defendant present and argue a number of propositions, in our judgment, in view of the undisputed evidence and the law applicable thereto, there is no merit therein. The record discloses that a man named Hatton was a tenant on land owned by Corey; that he raised a crop of broom corn thereon in 1908; that Corey had a lien thereon for his rent, and that Butler had both actual and constructive notice thereof; that in the face of these facts he purchased the broom corn.

Section 4100, Comp. Laws 1909, provides:

"The person entitled to rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien, the value of the crop purchased, to the extent of the rent due and damages."

A similar statute to this has been construed by the Supreme Court of the state of Kansas in a number of cases, among which may be noted the following:   *Scully v. Porter,* 57 Kan. 322, 46 Pac. 313; *Maelzer v. Swan,* 75 Kan. 496, 89 Pac. 1037; *Mangum v. Stadel,* 76 Kan. 764, 92 Pac. 1093—all of which hold, in substance, that the purchaser of a crop, with notice of the lien, either actual or constructive, does so with liability to the landlord in the amount of its value for whatever may be due for rent.

Nor did the court commit error in denying defendant the right of proving that he was purchasing the crop merely as an agent, for the reason that an agent or servant, who converts the property of a third person, is liable in trover for such conversion; and it is no defense that his acts were committed in pursuance of his employment and for the benefit of his principal or

master. See 28 Am. & Eng. Ency. of Law, p. 688, and cases cited.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.