## HUGO STATE BANK v. HUGO NAT. BANK.

No. 14418—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**1. Conversion—Right of Action by Holder of Lien Against Third Party.**

Where a party has a lien upon personal property by virtue of a contract, which is duly recorded, he may maintain an action against a third party who has converted said property to his own use or destroyed the property so the plaintiff cannot reach the same.

### 2. Statutory Provision.

Section 4988, Comp. Stat. 1921, provides as follows: A contract made expressly for the benefit of a third person may be enforced at any time before the parties thereto rescind it.

### 3. Pleading—Liberal Construction on General Demurrer.

Where a party challenges the sufficiency of a petition by a general demurrer, the petition must be liberally construed and favorably to the pleader and against the demurrant.

### 4. Same—Action for Conversion.

Record examined, and held, that the petition was sufficient against a general demurrer to state a cause of action in favor of plaintiff and against the defendant.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by the Hugo State Bank against the Hugo National Bank. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Rainey & Flynn, A. A. McDonald, A. W. Trice, and Calvin Jones, for plaintiff in error.

Jordan & Burke, for defendant in error.

McNEILL, J. This action was commenced in the district court of Choctaw county by the Hugo State Bank against the Hugo National Bank. The petition alleges that one Sam Atkins was indebted to the Hugo State Bank in the sum of $279 upon a promissory note, wherein L. A. Stokes was surety, and Atkins was also indebted to the First National Bank of Soper in the sum of $439, upon a promissory note, with Stokes as surety. That on the 11th day of February, 1921, Sam Atkins and J. J. Thomas entered into a written contract, which was duly filed for record, whereby Thomas rented to Atkins, as tenant, certain land in Choctaw county and was to receive certain rents, a portion being a share of crops, and a portion being cash, and said contract containing the further stipulation and agreement.:

"It is further agreed that the tenant shall pay to the First National Bank of Soper, Okla., his note for $480 signed by L. A. Stokes as surety, and to the Hugo State Bank of Hugo, Okla., his note of $260 signed by L. A. Stokes as surety, together with all accrued interest thereon at maturity."

The said contract further provides:

"It is expressly agreed that all payments to be made as aforesaid, whether to the landlord, or otherwise, shall be a first lien on all the tenant's share of all crops and hay raised on said premises."

It is further alleged that the First National Bank of Soper transferred and assigned its note to the plaintiff herein. It is further alleged that the total amount of said. indebtedness was due and unpaid and plaintiff bank by virtue of said contract had a lien upon the tenant Atkins' crop to secure the payment thereof, and the defendant, the Hugo National Bank, had taken and appropriated and applied to its own use the share of crop belonging to Atkins raised on said land, and the value of the same so taken was in excess of the indebtedness due the plaintiff; and asks judgment against said bank for the conversion of said crops.

To this petition the defendant filed a general demurrer, and for grounds alleged that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant. The. court sustained said demurrer, and rendered judgment for defendant, and plaintiff has appealed.

It is contended the petition was insufficient to state a cause of action in conversion, because it failed to state facts showing the plaintiff was in possession of the property, or was the owner, or had a special ownership in the property such as would entitle it to immediate possession at the time of the taking by the defendant, and it failed to allege facts constituting a wrongful taking and acquiring of the property by the defendant. In this we cannot agree. The petition does allege that the plaintiff had a lien on the property, and pleads the contract which gave it said lien, and alleges the conversion and appropriation by the defendant of said property, and further alleges that by reason of the appropriation of the crop the defendant is liable to pay the plaintiff the value thereof, and demand has been made, and refusal to pay the same.

The general rule is stated in 11 C. J., page 9. as follows: .

"Where plaintiff has a lien on property injured, he may maintain an action on the case where the injuries complained of diminished the value of his security or operated to make it ineffectual, on the theory that the wrong is done to property of which the plaintiff has neither the possession nor the right to possession, and since trespass, detinue, or trover will not lie, the law for the injury of plaintiff's right will afford a remedy by an action on the case. This includes actions by mortgagees or landlords having a lien on the property injured, and

of course the above rule would apply with the same force where the defendant has converted the property to his own use or destroyed the mortgaged chattel or where said defendant has converted said chattels so that the plaintiff cannot reach the same."

See, also, Butler v. Corey, 35 Okla. 471, 130 Pac. 137, and Vale v. Stubblefield, 39 Okla. 462, 135 Pac. 933. We think the petition sufficient upon this theory.

The next question presented is whether the contract between Atkins and Thomas wherein it provided that Atkins should pay the two notes to the banks, and further provided all payments to be made, whether to the landlord or otherwise, should be a first lien on the tenant's share of the crop and hay raised on said premises, is sufficient to confer the right upon the plaintiff bank to maintain the action.

Section 4988, Comp. Laws 1921, of our statute provides as follows:

"A contract made expressly for the benefit of a third person may be enforced at any time before the parties thereto rescind it."

This section of our statute has been construed by this court in the case of Glaze v. Metcalf Thresher Co., 67 Okla. 22, 168 Pac. 219, where the prior cases of this court are cited, construing said section of the statute, and which we think are controlling in the case at bar.

Defendant, however, contends that there are certain limitations upon the right to enforce said contract, or there are certain elements which must enter into a contract for the benefit of a third person before said contract is enforceable, to wit: That the contract itself must clearly disclose, or it must be expressed in the contract itself, the intent to confer the benefit upon a third person. Plaintiff refers to paragraph 10 of the contract, which provides: If the landlord should advance or furnish any money or credit to the tenant, the same should be repaid, and the landlord is given the first lien on all property and hay on the premises to secure the payment thereof. It is contended that the 11th paragraph of the contract, which provides that all payments to be made as aforesaid, whether to the landlord or otherwise, may be construed to refer to the portion of the 10th paragraph, to wit, the money or credit that might be advanced by the landlord. That the term "or otherwise" is too vague and indefinite to clearly express the intent the bank was intended as a beneficiary. We do not think the contract is subject to such a construction. The contract refers to three

parties as beneficiaries, to wit, the landlord and the two banks. The contract in express terms provides: "Provided, the lessee shall pay the banks certain indebtedness."

The general rule is, when a petition is challenged by a general demurrer, the allegations of the petition are to be construed most favorably to the pleader, and it is not proper to attempt to give a strained construction to the pleadings or contract in order to sustain a demurrer to said petition. By applying a liberal rule in the construction of pleadings we think the petition stated a cause of action and it was error for the court to sustain the demurrer thereto.

For the reason stated, the cause is reversed and remanded, with instructions to set aside the judgment and reinstate the cause of action and overrule the demurrer thereto.

NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.