**L. M. KNIGHT, Plaintiff,**

v.

**FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA, an Arkansas Corporation and Charles A. Crouch, Defendants.**

**Civ. No. 66–161.**

United States District Court
W. D. Oklahoma.
July 12, 1966.

Alfred B. Knight, Tulsa, Okl., for plaintiff.

Walter D. Hanson, Gus Rinehart, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This case is before the Court on plaintiff's Motion to Remand following the filing of a timely Petition for Removal by defendant First Pyramid Life Insurance Company of America. The plaintiff's Complaint (Petition) originally filed in the District Court of Oklahoma County, Oklahoma, alleges that the plaintiff is a citizen of Lawton, Oklahoma; that defendant First Pyramid Life Insurance Company of America (hereinafter referred to as First Pyramid) is an Arkansas corporation with its principal place of business in Oklahoma at 4026 Coronado Place, Oklahoma City, Oklahoma; and, that defendant Charles A. Crouch resides at 2117 Wilburn Place, Bethany, Oklahoma. The Petition for Removal avers that the defendant First Pyramid is a corporation organized under the laws of the State of Arkansas with its principal place of business at Little Rock, Arkansas. The non-diverse defendant, Charles A. Crouch (hereinafter referred to as Crouch), has not joined in the Petition for Removal of defendant First Pyramid.

An evidentiary hearing was held by the Court on July 1, 1966, to determine if jurisdiction was lacking as to the removing defendant under 28 U.S.C. § 1332(c). Following the introduction of evidence, the Court found that the evidence clearly established that the defendant First Pyramid, an Arkansas Corporation, had its principal place of business in Little Rock, Arkansas, and that it would now be proper to move to the separate and independent claim or cause of action question under 28 U.S.C. 1441(c).

■ The plaintiff's Complaint sets out two causes of actions as follows: the First Cause of Action against First Pyramid sounds in contract for failure to provide life insurance coverage; and, the Second Cause of Action against Crouch sounds in tort for invasion of privacy by harassment and embarrassment to plaintiff and his family. The plaintiff further alleges damages in the First Cause of Action of $46,500.00 plus attorney's fee, interest, and court costs, and in the Second Cause of Action the plaintiff seeks punitive damages of $50,-000.00. In the First Cause of Action no claim or cause of action is stated against Crouch and no claim is made against First ·Pyramid in the Second Cause of Action. Plaintiff incorporates by reference the introductory Paragraphs I through VI of the Complaint into each cause of action and he incorporates the First Cause of Action into the Second by reference. However, the Court must look to the substance of the Causes of Action to determine the removability issue.

■ The test outlined by the landmark case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is as follows: " * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441 (c)." However, a careful reading of the Complaint herein reveals there are two separate wrongs and causes of actions, arising out of separate occurrences and incidents, involving different questions of fact and law, and there are no interlocking transactions to which American Fire & Casualty Co. v. Finn, supra, would be applicable. The plaintiff alleges more than one injury from sources independent and unrelated to each other—namely, for alleged breach of a contractual relationship by First Pyramid and a tortious invasion of the right of privacy by Crouch. Although it is permissible to join contract and tort actions in the same Petition in Oklahoma, Whitney v. Miller, 158 Okl. 294, 13 P.2d 110 (1932), this joinder does not coalesce the two causes of action. The First Cause of Action sounding in contract against First Pyramid does not allege any negligence of Crouch and the Second Cause of Action sounding in tort involves separate issues and injuries as related to actions of Crouch apart from the contract at another time and place.

■■ The plaintiff herein has joined one defendant of non-diverse citizenship with another defendant of diverse citizenship in a single Complaint charging them with the several causation of separate and distinct injuries and legal wrongs. The two Causes of Actions each require separate proof although there may be some overlapping and common problems. A "separate and independent claim or cause of action" is stated against defendant First Pyramid whose citizenship differs from the plaintiff's and the jurisdictional amount is present. Although 28 U.S.C., Section 1441(c) was intended to restrict and not enlarge removal rights, American Fire & Casualty Co. v. Finn, supra, the right of removability on the record before this Court clearly indicates a separate and independent claim is stated against First Pyramid. Twentieth Century-Fox Film Corporation v. Taylor, 239 F.Supp. 913, (S.D.N.Y., 1965). Only the defendant First Pyramid needs to seek removal where removal is on the basis of a separate and independent claim or cause of action under Section 1441(c). Therefore, the Motion to Remand must be denied and the entire case will proceed to judgment in this Court.

On May 20, 1966, the Court abated the Interrogatories propounded to the plaintiff by the defendant Crouch pending a ruling on the plaintiff's Motion to Remand. The Court now directs the plaintiff to answer the Interrogatories propounded by the defendant Crouch within 15 days from the date hereof.