370 F.2d 616
 CLIMAX CHEMICAL COMPANY, Appellant,
v.
C. F. BRAUN & CO., a corporation, Pennsalt Chemical
Corporation, acorporation, J. T. Thorpe, Inc., a
corporation, Heyward-Robinson Company, apartnership, Bernard
Goodman and Alexander Sommer, partners composing
saidpartnership, ThermalResearch & Engineering Corporation,
a corporation, Stephens-Adamson Mfg. Co., acorporation,
Standard Steel Corporation, a corporation, and Beaumont
BirchCompany, a corporation, Appellees.
 No. 8654.
 United States Court of Appeals Tenth Circuit.
 Dec. 29, 1966.
 
 C. Melvin Neal, Hobbs, N.M., and Leroy Jeffers, Houston, Tex. (Richard P. Keeton, Houston, Tex., Tom W. Neal, Hobbs, N.M., Vinson, Elkins, Weems & Searls, Houston, Tex., and Neal & Neal, Hobbs, N.M., on the brief), for appellant.
 Daniel A. Sisk and James C. Ritchie, Albuquerque, N.M. (Kenneth L. Harrigan, Houston, Tex., and Modrall, Seymour, Sperling, Roehl & Harris, John B. Tittmann and Russell Moore and Keleher & McLeod, David A. Grammer, Jr., Duane C. Gilkey and Rodey, Dickason, Sloan, Akin & Robb, David G. Housman, Schall, Sceresse & Addis, and Willard F. Kitts, Albuquerque, N.M., on the brief), for appellees.
 Before BREITENSTEIN and ALDRICH,* Circuit Judges, and KERR, District Judge.
 ALDRICH, Circuit Judge.
 
 
 1
 This interlocutory appeal, here by virtue of 28 U.S.C. 1292(b), raises the question of the propriety of the district court's refusal to remand to the state court an action brought by a single plaintiff against a number of defendants for breach of a number of contracts. The plaintiff, Climax Chemical Company, is a Delaware corporation. The principal defendant, C. F. Braun & Co., is a California corporation, and the other defendants are likewise alleged in the complaint, and in the removal papers, to be citizens of states other than Delaware, in which plaintiff was incorporated, and of New Mexico, where plaintiff had its principal place of business and where the action was brought. Following removal, however, it shortly appeared that one defendant, Thermal Research and Engineering Corporation, was incorporated in Delaware. Climax moved to remand for lack of complete diversity, and also because of defendants' alleged failure to comply with the statutory requirements regarding a removal bond. Upon the denial of its motion this appeal was allowed to be taken.
 
 
 2
 The motion for remand asserted, inter alia, 'the claims or causes[1] of action sued upon by plaintiff herein are not separate and independent * * * but * * * this is an action against the defendants in joint and several causes of action and each and all of the defendants are jointly and severally liable with the other defendants or some of them.' In its memorandum of decision the district court recited that there were a number of separate and independent claims or causes of action, all of which were removable except the one against Thermal, and that in the court's discretion it would, pursuant to the authority granted by 28 U.S.C. 1441(c),[2] retain that cause as well as the others.
 
 
 3
 In its complaint Climax alleged that it desired to construct a salt cake and muriatic acid plant of a certain capacity; that it engaged defendant Braun to undertake responsibility for designing, engineering and purchasing the necessary engineered equipment, that Braun guaranteed the overall operation, and that the other defendants each separately contracted to design, engineer and/or construct various components of said plant. It further alleged that all defendants performed negligently or otherwise improperly, as a result of which the plant proved to be 'totally inoperable.' Climax sought damages against Braun for both out-of-pocket expenses and operating losses with respect to the entire plant, and for various portions of these losses against the other defendants. More specifically, three of the defendants, Pennsalt, Thorpe, and Heyward-Robinson, together with Braun were alleged to be jointly and severally liable for damages due to the defective design and construction of the reactor portion of the plant; a fourth defendant, Stephens-Adamson Mfg. Co., was alleged to be jointly and severally liable with Braun for the defective design and construction of a conveyor system; a fifth, Standard Steel, was alleged to be jointly and severally liable with Braun for damages due to the defective design and manufacture of a combination rotary dryer-heater; and a sixth, Beaumont Birch, was alleged to be jointly and severally liable with Braun for the defective design and construction of some rotary valves to be used in the reactor. Finally, Thermal Research and Engineering Corporation, the nondiverse defendant, was alleged to be jointly and severally liable with Braun for the defective design and manufacture of some heating and evaporating equipment for use with the reactor. In the light of the dissenting opinion, it should be emphasized that each of the defendants is charged with making a separate, independent contract, and only one, Braun, agreed 'to design, engineer, construct and equip 'a plant * * * that would manufacture 100 tons per day * * * (etc.)"
 
 
 4
 The leading case on section 1441(c) is American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. In that case the Court held that a suit brought by a local plaintiff against two out-of-state insurance companies, and a local individual who was the agent for both companies, to recover for a fire loss did not involve 'separate and independent' claims. It held this notwithstanding the fact that the parties were not jointly liable, but, rather, only one of them was liable and the purpose of joining them in the suit was to ascertain which of the three it was. The Court repeated its earlier definition of a cause of action as 'a single wrongful invasion of a single primary right of the plaintiff * * * whether the acts constituting such invasion were one or many, simple or complex.' Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069. It held that the case before it had been improperly removed, stating that 'where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c).' 341 U.S. at 14, 71 S.Ct. at 540.
 
 
 5
 Plaintiff seeks to bring itself within this principle. We do not agree. Plaintiff's assertion of a single wrong overstates the rationale. In Finn there was one fire, and one single compensable loss. In the case at bar it is true that it is alleged that plaintiff's plant would not function, but in no real sense was this a single loss. The plant was composed of a number of separate units. Obviously, whether one unit, or several, failed to function, the plant could not operate. The liability of the defendants other than Braun was separate, distinct, and unrelated. With the exception of Braun, no defendant assumed responsibility for other than its own unit, or was liable in any way for the failure of the others. We think it clear that there was more than one primary right, and that more than a single wrong was alleged. Absent Braun as a defendant, it is inconceivable that plaintiff could, simply because all the units were to be installed in one plant, say that the separate claims against the several defendants were single and interdependent. Plaintiff would be utilizing local procedural joinder rules to determine inseparability in the diversity sense.
 
 
 6
 It is true that in 1 Barron & Holtzoff, Federal Practice and Procedure, 105, at 494 (Wright ed. 1960) it is said, 'It is difficult to see how there can ever be a diversity case properly removed under the statute in the light of the construction placed on it in the Finn case.' We do not take such a morbid view. If the Court was sounding the death knell of section 1441(c) was believe it would have said so. The Court's statement, 341 U.S. at 10, 71 S.Ct. at 538, that one of the purposes of the then recent amendment of the statute was 'to limit removal from state courts' was not an announcement that it was to foreclose it. We take Finn to mean that there must be substantive separability, and no more.
 
 
 7
 The only possible question is whether the addition of Braun as a party defendant changes the result. Broken down into its component parts, the complaint makes two kinds of claims against Braun. First, it is alleged to be jointly liable with each of the other defendants for defects in the performance by each defendant of its individual contract. Second, it is alleged to be solely liable for all damages stemming from the inoperable condition of the plant, due to its poor engineering and design, for which none of the other defendants is liable. It may be granted that this latter claim is a single cause of action. However, by its very nature it is separate and independent of the causes of action asserted against the other defendants. Its presence weakens, rather than strengthens, plaintiff's present position. Nor do we think, on any proper analysis, that the fact that Braun was, in effect, a guarantor of the separate performance of each of the other defendants destroyed the separate and independent nature of the claims asserted against each of those defendants. To be sure, Braun could not have removed had the case involved solely a claim against it and Thermal asserting joint liability for the defective furnishing of equipment for the plant. But, as already shown, this case involves a number of additional claims against Braun and the other defendants that are in no way related to the claim against Thermal. The fact that they related to the same plant is not enough. Cf. Greenshields v. Warren Petroleum Corp., 10 Cir., 1957, 248 F.2d 61, cert. den. 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262; Mc.leod v. Cities Service Gas Co., 10 Cir., 1956, 233 F.2d 242.
 
 
 8
 In Finn, after remarking that the facts alleged in each portion of the complaint involved the local agent, the Court reiterated, 341 U.S. at p. 16, 71 S.Ct. at p. 541, 'The damage comes from a single incident.' Here it does not. Climax's allegation in its motion to remand that 'all of the defendants are jointly and severally liable with the other defendants or some of them' was both perceptive and accurate. this is not a definition of either a single claim, or of a series of interdependent claims.
 
 
 9
 The cases relied upon by Climax do not support it. In all of them one wrong was alleged by the plaintiff, and the defendants were claimed to be either jointly liable for all the damages, Donahue v. Warner Bros. Pictures, Inc., 10 Cir., 1952, 194 F.2d 6; Snow v. Powell, 10 Cir., 1951, 189 F.2d 172; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902, liable in the alternative for all the damages, Gray v. New Mexico Military Institute, 10 Cir., 1957, 249 F.2d 28, or liable for specified parts of the total damage, Charles Dowd Box Co. v. Fireman's Fund Ins. Co., 1 Cir., 1962, 303 F.2d 57; Young Spring & Wire Corp. v. American Guaranty & Liability Ins. Co., W.D.Mo., 1963, 220 F.Supp. 222.
 
 
 10
 Additionally, Climax contends that the case was not properly removed because of the defendants' failure to file an adequate removal bond as required by 28 U.S.C. 1446(d). The initial petition for removal, although naming all of the defendants as petitioners and in proper form in every other respect, was signed by only one firm of attorneys, who described themselves as counsel for one, diverse, petitioner. The petition was accompanied by a bond of a proper bonding company, in the standard amount, naming only this petitioner as principal. Still within the twenty days the other defendants filed purported joinders in the removal petition and in the bond. Although it did so in the district court, plaintiff does not now contend that this procedure was improper so far as the petition itself was concerned. Cf. Stangard Dickerson Corp. v. United Electrical Radio & Machine Workers, etc. D.N.J., 1940, 33 F.Supp. 449. It continues to press its complaint, however, that the bond was defective, based on the fact that the bonding company's recognition of the other defendants as principals did not occur until well after the twenty day removal period had expired, when it filed a document to that effect.
 
 
 11
 The condition of the original bond was that
 
 
 12
 'the petitioners shall pay all costs and disbursements incurred by reason of the removal proceedings, if it should be determined that the cause was not removable or was improperly removed to this Court.'
 
 
 13
 We consider this entirely adequate. In the event of remand the plaintiff was entitled to only one recovery of its costs. By its reference to the 'petitioners' the bond was clearly intended to bind the surety in the event that any of the defendnats was remanded and failed to respond to a demand for costs. The fact that all the defendants were not named as principals does not mean that one could not act in their behalf in obtaining a bond that inured to their benefit. It equally inured to plaintiff's. By defendants' timely joinders they individually undertook to pay the costs, to the same degree that they would have had they been named as principals in the bond. By its original bond the surety undertook to pay on their behalf. In the papers which were seasonably filed, therefore, plaintiff received the full requisite undertaking for costs.
 
 
 14
 Plaintiff's extensive argument lacks any merit. We need not reach the question to what extent a defective bond may be a jurisdictional matter. Cf. National Quicksilver Corp. v. World Ins. Co., 8 Cir., 1943, 139 F.2d 1; 1A Moore, Federal Practice, P0.168, at 1286-1287 (1965).
 
 
 15
 Affirmed.
 
 
 16
 KERR, District Judge (dissenting).
 
 
 17
 With due deference to the well stated general principles of law in the majority opinion, I am unable to agree with the reference of those rules to plaintiff's pleading in this case. The rules are simple; their application is complex. As I read the complaint I cannot discern separate and independent claims for relief. I would hold that this case was improvidently removed to the federal court.
 
 
 18
 I start with the premise that every doubt as to the right of removal under Section 1441(c) should be resolved in favor of remand. Absent separate and independent claims the case is not removable.[1] We agree on that fundamental rule. Our difference of opinion is in the application of the pertinent test succinctly stated in the Finn case:
 
 
 19
 'where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate or independent claim or cause of action under 1441(c).'[2]
 
 
 20
 Plaintiff alleges in its complaint only a single claim, namely, its contractual right to have the defendant Braun and his subcontractors and suppliers, exercise their superior engineering skill and experience to design, engineer, construct and equip 'a plant * * * that would manufacture 100 tons day of sodium sulfate (commonly referred to as salt cake) and 150 tons per day of hydrochloric acid (also known as muriatic acid) using as a basic process a process known as the Cannot process * * *.'
 
 
 21
 One single wrong to plaintiff is alleged in the complaint, namely, defendant breached its contract with plaintiff by designing, engineering, constructing and equipping a plant which 'when completed would not function or operate and could not be put to its intended use of manufacturing salt cake and muriatic acid'. The facts alleged to have constituted the breach of contract gives rise to only one, complete, indivisible cause of action.[3]
 
 
 22
 The wrong for which plaintiff seeks relief arises from an interlocked series of transactions which are alleged with some particularity, naming each of the defendants and stating the various fundamental and fatal defects, defaults, and acts of negligence in the work of the defendant and its subcontractors and suppliers that combined to produce an unsatisfactory and inoperable plant. The complaint describes the sundry components which were necessary to fulfill the construction contract and for which the several defendants were responsible. These separate controversies do not make separate and independent causes of actions.
 
 
 23
 Plaintiff alleges one claim for damages against defendant Braun in the aggregate sum of $3,600,000 and itemizes the amounts of damages attributable and allocable to the other defendants. Plaintiff does not seek to recover a money award from the various individual defendants in addition to complete relief from Braun. It appears to me that if plaintiff were to recover a judgment against Braun for a sum of money considerably less than the amount of damages it claims to have sustained from the breach of the construction contract, plaintiff could not thereafter sue the other defendants to recover the balance up to $3,600,000. Plaintiff asks judgment against Braun for $3,600,000 and 'out of that amount' it seeks joint and several judgments against the other named defendants.
 
 
 24
 As I examine the complaint I cannot escape the conviction that plaintiff has alleged but one cause of action, claim or actionable wrong, viz., a breach of contract. I detect several controversies involving Braun and its subcontractors and suppliers as parties to that breach, but I envision only one possible recovery to which any or all of the defendants could be required to contribute. I would reverse the decision of the trial court and direct that the action be remanded for trial in the state court for failure of complete diversity.
 
 
 
 *
 By designation
 
 
 [1]
 We underscore this 's' because Climax, by brief, seeks to argue that the suit 'involves a single cause of action * * * between appellant and all appellees.' Rather than dispose of this contention by pointing out that it was not raised below, we prefer to deal with it directly
 
 
 [2]
 'Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.'
 
 
 [1]
 American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)
 
 
 [2]
 Id. at page 14, 71 S.Ct. at page 540
 
 
 [3]
 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action.' Baltimore Steamship Company et al. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927)