**BANK OF WILSON, Plaintiff in Error,**

**v.**

**Carl PEVEHOUSE, and First National Bank of Davis, Oklahoma, Defendants in Error.**

**No. 41517.**

Supreme Court of Oklahoma.

April 11, 1967.

Earl E. LeValley, Healdton, for plaintiff in error.

Jeff R. Laird, Sulphur, for defendants in error.

BERRY, Justice:

This appeal involves the question of the correctness of the trial court's order sustaining defendants' demurrer to plaintiff's petition and judgment dismissing the action.

The verified petition alleged plaintiff was a banking corporation in Carter County, and that defendant bank was located in Davis, Oklahoma; that on August 18, 1964, Fred and Helen Bench, husband and wife, executed their note for $2,519.80 to plaintiff, secured by a chattel mortgage upon 29 head of described cattle of a value in excess of the amount of the loan; on September 3, 1964, the wife (Helen Bench) executed an additional note for $440.00 to plaintiff, secured by a chattel mortgage upon six head of described cattle of a value in excess of the amount of such loan. Further, on January 9, 1965, defendants, acting in concert, took possession of all the described cattle and "excluded" plaintiff and the mortgagors from possession, thereby depriving plaintiff of its mortgage security and causing damages in the total amount of the loans, for which judgment was sought.

 Defendants filed a Demurrer and Motion To Dismiss upon the grounds: (1) failure to state facts sufficient to constitute a cause of action; (2) defect of parties resulting from failure to bring in other necessary parties claiming special ownership and security interests in the property described; (3) pendency of an action in the Carter County District Court which would involve all necessary parties and determination of the rights to the mortgaged property, as to which plaintiff was seeking to assert rights by the present action.

Upon hearing the trial court sustained the demurrer to the petition for failure to state facts sufficient to constitute a cause of action. The Motion to Dismiss was sustained by reason of pendency of another action noted in subdivision (3) above.

The trial court's order granted plaintiff 10 days time within which to file a new petition, or the cause was to be dismissed.

Before expiration of this time plaintiff filed an election to stand upon the original petition. The trial court entered judgment dismissing the action and plaintiff perfected this appeal.

Plaintiff's contention on appeal is that the trial court erred in sustaining the demurrer to the petition, and in sustaining defendants' motion to dismiss. Briefly summarized, the argument is that as mortgagee of the property plaintiff was entitled to have the security remain in the mortgagors' hands. Thus, defendants' act of "excluding" plaintiff from possession of the mortgage security constituted a form of conversion, which resulted in detriment as defined by statute, for which money damages are recoverable. See 23 O.S.1961, §§ 3, 4, 64.

Plaintiff cites the following cases: Security Natl. Bank of Tulsa v. Geck, 96 Okl. 89, 220 P. 373; Hugo State Bank v. Hugo Natl. Bank, 96 Okl. 135, 220 P. 868; Clark v. Armstrong & Murphy, 180 Okl. 514, 72 P.2d 362; Finance Corp. v. Modern Materials Co., Okl., 312 P.2d 455. Reliance upon these authorities provides the basis for plaintiff's conclusion that the petition stated a cause of action because: the petition alleged the mortgagors' ownership and plaintiff's right in the security, defendants exclusion of plaintiff and mortgagors from possession thus depriving plaintiff of the mortgage security, and resulting in detriment to plaintiff in the amount of the loans.

 This argument lacks substantial merit. The petition did not allege plaintiff's superior right to possession, that defendants' taking and holding of the security was wrongful or unlawful, or that demand had been made for return of the security or value thereof. Absent such allegations plaintiff's claim of damage arising from being "excluded" from possession amounted simply to a conclusion of the pleader, which was insufficient to support the claim of a cause of action. Whether the allegation as to being "excluded" from possession amounted to an allegation of conversion

need not be decided, since such exclusion was not alleged to be wrongful or unlawful.

The petition in this case failed to allege commission of a wrong sufficient to support a right of redress under even the most liberal construction which can be accorded such pleading. In such a case a demurrer to the petition properly should be sustained. Williams v. Phillips Pet. Co., Okl., 406 P.2d 474.

The record discloses that plaintiff requested and was granted leave to file a new petition in the cause. Before expiration of the time granted plaintiff formally noted election to stand upon the petition as filed.

Judgment affirmed.

All the Justices concur.