**NATIONAL LIVESTOCK CREDIT CORPORATION, a corporation, Plaintiff,**

v.

**G. W. SCHULTZ et al., Defendants.**

No. CIV–76–0293–D.

United States District Court,
W. D. Oklahoma.

Sept. 3, 1976.

John R. Green, Duncan, Okl., Larry D. Patton, B. J. Rothbaum, Jr., Oklahoma City, Okl., for plaintiff.

Kenneth E. McBride, Oklahoma City, Okl., for both Schultz.

Edward W. Freeman, Chicago, Ill., Gomer Smith, Jr., Harry H. Selph, II, Oklahoma City, Okl., for Iowa Beef Processors, Inc.

Harry H. Selph, II, Oklahoma City, Okl., for Wilson & Co.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff initiated this action in the District Court of Oklahoma County, State of Oklahoma, against four Defendants asserting various claims arising from the financing of cattle by Plaintiff for Defendant Schultz Cattle Co. (Cattle Co.), a limited partnership. Plaintiff's claim in its First Cause of Action is against Cattle Co. and Defendant G. W. Schultz (Schultz) individually as a general partner in Cattle Co. for judgment on a series of promissory notes alleged to be in default. In its Second Cause of Action, Plaintiff brings an action in conversion against Defendant Iowa Beef Processors, Inc., (Iowa Beef), Cattle Co. and Schultz based on said Defendants having converted two lots of cattle which were allegedly covered by a security interest in favor of Plaintiff.[1] A similar claim in conversion is made against Defendant Wilson & Co. (Wilson), Cattle Co. and Schultz based on its purchase of cattle which claim is set out in the Third Cause of Action.[2] The Fourth Cause of Action is a claim for punitive damages asserted jointly against Defendants Iowa Beef and Wilson based on the alleged acts of conversion.

Defendant Iowa Beef filed its Petition for Removal in which it alleges that the claims against it are separate and independent from those asserted against other Defendants and that this Court had original jurisdiction of said claims based on the existence of diversity of citizenship[3] and amount in controversy. Said original jurisdiction is stated to be pursuant to 28 U.S.C.

1. It appears from the face of Plaintiff's Second Cause of Action that Plaintiff has sued three Defendants therein. Defendant Iowa Beef acknowledges this in its Response and Brief in IBP's Opposition to Plaintiff's Motion to Remand at pages 1 and 3. Thus, Plaintiff, an Oklahoma citizen, has sued two Oklahoma citizens and a Nebraska-Delaware citizen in its Second Cause of Action.

2. The Wilson purchase appears to be completely separate from the Iowa Beef purchases.

3. Plaintiff is a New Mexico corporation with its principal place of business in Oklahoma while Defendant Iowa Beef is a Delaware corporation with its principal place of business in Nebraska and diversity exists as to these parties. Defendant Schultz is an Oklahoma citizen which makes Cattle Co. in which he is a partner an Oklahoma citizen and Defendant Wilson is a Delaware corporation with its principal place of business in Oklahoma.

§ 1332 and Iowa Beef's authority for removal is stated to be 28 U.S.C. § 1441(a) and (c).[4] Diversity of citizenship does not exist between Plaintiff and the other Defendants. See Note 3.

Plaintiff has filed a Motion to Remand which is supported by a Brief. Plaintiff urges in support of its Motion to Remand that a separate and independent claim does not exist in this case as to Iowa Beef which would permit removal pursuant to 28 U.S.C. § 1441 as interpreted in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).[5] Defendant Iowa Beef has filed its Response opposing same in the form of a Brief. Defendant Wilson has filed its Response in the form of a Brief urging the Motion be denied and requesting that the Court in its discretion retain the entire case pursuant to the provisions of 28 U.S.C. § 1441. Defendants Schultz and Cattle Co. in their Response and Brief in support thereof join Plaintiff and urge this Court to remand this case to the State Court from which it was removed.

Defendant Iowa Beef in its Response takes the position that other Defendants have not been properly joined with it by Plaintiff in the two causes of action asserted against said Defendant. It urges that the only substantive claim for conversion of cattle arising from Iowa Beef's purchase of same from Cattle Co. is made against Defendant Iowa Beef. It further contends that the claim for punitive damages in which Iowa Beef and Wilson are joined constitutes improper joinder because each of said Defendants are charged with separate alleged acts of conversion. It is urged that the removal was entirely proper and in accordance with the provisions of 28 U.S.C. § 1441. Iowa Beef urges that the case of

*Climax Chemical Co. v. C. F. Braun & Co.,* 370 F.2d 616 (10 Cir. 1966) sets out the proper application of the removal statute in question.

Applicable provisions of the general removal statute codified as 28 U.S.C. § 1441 include:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

\* \* \* \* \* \*

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of actions, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In the case of *Knight v. First Pyramid Life Insurance Co. of America,* 256 F.Supp. 32 (W.D.Okl.1966), this Court stated:

"The test outlined by the landmark case of *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is as follows: '\* \* \* where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' "

In the case of *American Fire & Casualty Co. v. Finn, supra,* the Supreme Court

---

4. When removal is based on a separate and independent claim it is not necessary that Defendants joined in other claims join in the removal Petition. *Dyer v. Burns,* 257 F.Supp. (W.D.Okla.1966).

5. Plaintiff erroneously urges that if the Court denies its Motion to Remand, that it order removal of the entire case. This latter contention is erroneous because the Petition for Removal when filed constituted removal of the entire

case to this Court and it is discretionary with this Court whether to remand that portion of the case which was not removable if it is determined that Iowa Beef properly removed the case based on a separate and independent claim being asserted against it. *Greenshields v. Warren Petroleum Corporation,* 248 F.2d 61 (10 Cir. 1957), cert. den. 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262; *Barnett v. Mayes,* 43 F.2d 521 (10 Cir. 1930).

adopted the following definition of cause of action:

> " 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.' "

■ The existence of a separate and independent claim or cause of action is to be determined as a matter of State law. 19 A.L.R.2d 752, Section 2; 32 Am.Jur.2d, Federal Practice and Procedure, Section 484, page 1042; *Bentley v. Halliburton Oil Well Cement Co.*, 174 F.2d 788 (5 Cir. 1949). Under Oklahoma law, "conversion" is a distinct act or dominion wrongfully exercised over another's personal property in denial of or inconsistent with his rights therein. *Probst v. Bearman*, 76 Okl. 71, 183 P. 886 (1919). A mortgagee's rights and interest in his collateral or security may be converted. *Hugo State Bank v. Hugo Nat. Bank*, 96 Okl. 135, 220 P. 868 (1923). When the one who converts property sells it to another, who has knowledge of the conversion, the buyer and seller may be sued jointly for conversion.[6] *Probst v. Bearman, supra.* Hence, Plaintiff has properly asserted a joint cause of action under Oklahoma law for conversion against the three Defendants named in its Second Cause of Action. In *Donahue v. Warner Bros. Pictures, Inc.*, 194 F.2d 6 (10 Cir. 1954), it was held:

> "If as pleaded all the defendants joined in such wrong, there was no separate and independent claim, or cause of action pleaded against the removing defendants. And the cause was not subject to removal on the ground set forth in the petition for removal. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534 [95 L.Ed. 702], 19 A.L.R.2d 738; *Willoughby v. Sinclair Oil & Gas Co.*, 10 Cir., 188 F.2d 902;

*Snow v. Powell*, 10 Cir., 189 F.2d 172." 194 F.2d 6 at page 10.

■ In *Willoughby v. Sinclair Oil & Gas Co.*, 188 F.2d 902 (10 Cir. 1951) it was held:

> "Thus, where in any suit there is more than one defendant, one of whom is a citizen of the state of the plaintiff, in order to be removable under Section 1441(c), there must be more than one claim or cause of action, and the claim against the nonresident defendant must be separate and independent from the claim or cause of action asserted against the resident defendant."

Said case held that only one claim or cause of action was alleged regarding a gas explosion against a gas company who allegedly failed to odorize and a plumber who allegedly failed to test the connection upon installation of a gas heater. It is believed under Oklahoma law that only one claim or cause of action is asserted against those alleged to have jointly converted mortgaged security by the act of buying and selling the same.

■ As the Court concludes that the Plaintiff has stated in its Second Cause of Action a single claim or cause of action in conversion against alleged joint converters and that as two of the Defendants named therein are of the same citizenship as the Plaintiff, the result is that a separate and independent claim or cause of action was not alleged against Iowa Beef in said Second Cause of Action and the removal herein was improper for lack of diversity.[7]

Plaintiff's Motion to Remand must be granted. The Clerk will effect the remand of the case to the State Court from which it was removed in the usual manner without delay.

---

**6.** Iowa Beef is charged with constructive knowledge of Plaintiff's interest in the cattle involved in the Second Cause of Action and the consequent conversion thereof by the sale thereof.

**7.** The joinder of Defendants Iowa Beef and Wilson in Plaintiff's Fourth Cause of Action seeking punitive damages jointly against both alleged converters constituted an improper joinder as said Defendants are not alleged to have

committed any joint acts of conversion. However, as Plaintiff's claim for punitive damages against Iowa Beef in its Fourth Cause of Action is tied to Plaintiff's claim against Iowa Beef for actual damages in its Second Cause of Action (under Oklahoma law punitive damages are not recoverable unless actual damages are proved), the same may not be considered a separate and independent cause of action under 28 U.S.C. § 1441(c).