**AMERICAN EXCHANGE BANK & TRUST COMPANY, Plaintiff,**

v.

**SKILLS DEVELOPMENT OF OKLAHOMA, INC., an Oklahoma Corporation, et al., Defendants.**

**No. CIV–77–0019–D.**

United States District Court, W. D. Oklahoma.

Jan. 27, 1977.

William G. Paul, Charles W. Mooney, Jr., Oklahoma City, Okl., for plaintiff.

W. R. Burnham, Eufaula, Okl., for Roy L. Henry.

Robert G. Grove and Carl Michael Smith, Oklahoma City, Okl., for Willard W. Moore.

ORDER OF REMAND

DAUGHERTY, Chief Judge.

This action was commenced in the District Court of Cleveland County, State of

Oklahoma, by Plaintiff which is an Oklahoma bank, for moneys due on a series of promissory notes made by the corporate Defendant and guaranteed by the individual Defendants. Defendant Willard W. Moore has filed a Petition for Removal in which he alleges the Third Cause of Action which seeks recovery against him on one of the guaranty agreements is a separate and independent cause of action which would be removable if sued upon alone and asserts said removal is pursuant to 28 U.S.C. § 1441(c). Complete diversity does not exist in the action because Plaintiff is an Oklahoma corporation with its principal place of business in Oklahoma and the corporate Defendant which appears to have incurred the debt sued upon is also an Oklahoma corporation with its principal place of business in Oklahoma.

Plaintiff has filed a Motion to Remand Removed Action which is supported by a Brief. Defendant Moore has filed a Brief opposing said Motion. The substance of the Motion to Remand is that the claim against Defendant Moore does not constitute "a separate and independent claim or cause of action" within the meaning of 28 U.S.C. § 1441(c) and it is urged said removal was improper and the case should be remanded to the State Court from which removed.

Plaintiff urges the case of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) establishes the standard for determining if a separate and independent claim or cause of action exists. It is contended that the claim in the instant case against Defendant Moore is dependent upon the outcome of the main action and is not separate and independent.

Defendant Moore in his Response contends Plaintiff seeks to recover against him for a different amount than against the principal debtor [1] and further urges the action against him is based on a different instrument than the claim against the corporate debtor. He does not counter the contention that the guaranty claim against him is dependent on Plaintiff establishing

its claim against the actual borrower. Defendant Moore urges that the case of *Gallagher v. Continental Insurance Co.*, 502 F.2d 827 (Tenth Cir. 1974) held that an action against a surety on a bond is separable from the action against the original debtor and removal was proper. Such contention may be correct, however, the facts in the *Gallagher, supra,* case are not analogous to those present in the instant case because in *Gallagher, supra,* the action was against sureties on a 1967 contract and against the principals on a 1970 contract and the two claims were not dependent on each other as is the case in the action now before this Court. Defendant Moore's reliance on this Court's decision in the case of *Knight v. First Pyramid Life Insurance Co. of America,* 256 F.Supp. 32 (N.D.Okl.1966)is also misplaced. The factual quotation from said case contained in Defendant Moore's Brief contains the phrase "there are no interlocking transactions" which critical fact distinguishes the instant case from *Knight, supra.*

This Court in *Knight, supra,* stated:

"The test outlined by the landmark case of *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is as follows: ' * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' "

An examination of Plaintiff's Petition filed in the State Court discloses Plaintiff has suffered a single wrong in the nature of the corporate Defendant not meeting its obligations arising from a series of loans which indebtedness was guaranteed in part by Defendant Moore. It is very obvious that if the principal debtor is not liable to the Plaintiff on the notes involved, Defendant Moore would not be liable to Plaintiff on the guaranty agreement.

The Court finds the instant action was removed improvidently as this Court is

---

1. The guaranty agreement executed by Defendant Moore is limited to a percentage of the debtor's liability and also as to maximum amount of the guarantor's liability.

without jurisdiction. Pursuant to 28 U.S.C. § 1447(c), the case must be remanded and Plaintiff's Motion sustained. The Clerk will effect the remand of this case to the State Court from which it was removed in the usual manner without delay.

