Clella M. SCOTT, Administratrix of the Estate of James O. Scott, Deceased, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, and Whit Ozier, Defendants.

No. CIV–77–1202–D.

United States District Court,
W. D. Oklahoma.

March 9, 1978.

Dennis Butler, Lawton, Okl., for plaintiff.

Arlen E. Fielden, Oklahoma City, Okl., for defendant Metropolitan Life Ins. Co.

Robert S. Baker, David D. Wilson, Oklahoma City, Okl., for defendant Whit Ozier.

## ORDER

DAUGHERTY, Chief Judge.

This action was originally brought in the District Court of Comanche County, Oklahoma, and was subsequently removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(c). In their Petition for Removal, Defendants alleged that both Plaintiff and Defendant Whit Ozier (Ozier) were citizens of Oklahoma at the time this

action was brought while Defendant Metropolitan Life Insurance Company (Metropolitan) was incorporated and had its principal place of business in New York.

Plaintiff's Complaint (Petition) alleges three causes of action. In her first cause of action, Plaintiff seeks damages in the amount of $100,000 against Defendant Metropolitan under an insurance receipt issued to James O. Scott (Scott) which provided Scott with $100,000 life insurance coverage while his policy application was pending and which was in effect at the time of Scott's death. Plaintiff's second cause of action seeks damages in the amount of $100,000 against Defendant Metropolitan and its agent, Defendant Ozier, for unreasonable delay in failing to act on Scott's policy application. Plaintiff's third cause of action seeks $200,000 actual damages and $100,000 punitive damages for alleged misrepresentations made to Scott by Defendant Metropolitan through its agent, Defendant Ozier, to induce Scott to purchase the insurance policy involved in this case.

Plaintiff has filed herein a Motion to Remand this case to the Comanche County District Court. Said Motion is supported by a Brief and Defendants have filed a Brief in opposition thereto. In support of her Motion, Plaintiff contends that there is no separate and independent allegation against Defendant Metropolitan and that all of the wrongs complained of by Plaintiff arose from a single interlocking transaction and therefore, this action is not removable under 28 U.S.C. § 1441(c). In their Brief in opposition to Plaintiff's Motion, Defendants contend that a separate and independent claim or cause of action exists against Defendant Metropolitan and therefore, removal of this case was proper under 28 U.S.C. § 1441(c).

28 U.S.C. § 1441 provides in pertinent part as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

. . . . . .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of actions, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ In order for any action in which there is more than one defendant, one of whom is a citizen of the same state as the plaintiff, to be removable to federal court under 28 U.S.C. § 1441(c), there must be more than one claim or cause of action, and the claim against the non-resident defendant must be separate and independent from the claim or cause of action asserted against the resident defendant. *Willoughby v. Sinclair Oil & Gas Co.*, 188 F.2d 902 (Tenth Cir. 1951); *National Livestock Credit Corp. v. Schultz*, 425 F.Supp. 966 (W.D.Okl.1976). In *Knight v. First Pyramid Life Insurance Co.*, 256 F.Supp. 32 (W.D.Okl.1966), this Court considered the meaning of the term "separate and independent claim or cause of action" and stated:

"The test outlined by the landmark case of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is as follows: ' * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' " 256 F.Supp. at 34.

In applying § 1441(c), the Tenth Circuit said in *Snow v. Powell*, 189 F.2d 172 (Tenth Cir. 1951):

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned." 189 F.2d at 174.

*See Gray v. New Mexico Military Institute,* 249 F.2d 28 (Tenth Cir. 1957).

 Under Oklahoma law, contract and tort actions may be joined in the same Petition. *Knight v. First Pyramid Life Insurance Co., supra; Whitney v. Miller,* 158 Okl. 294, 13 P.2d 110 (1932); *see Keel v. MFA Insurance Co.,* 553 P.2d 153 (Okl. 1976). However, the Court must look to the substance of Plaintiff's causes of action to determine the removability issue. *Knight v. First Pyramid Life Insurance Co., supra.*

 A careful reading of the Complaint herein reveals that Plaintiff seeks recovery against all Defendants arising out of a single wrong, i. e., failure to provide life insurance coverage to Scott. Although Plaintiff alleges one cause of action against Defendant Metropolitan for breach of contract (i. e. the insurance receipt) and second and third causes of action against both Defendants for their negligent and tortious failure to act on Scott's insurance application for the same coverage and for their tortious misrepresentations to Scott in connection with said insurance, it appears that the latter causes of action are so closely related to the wrong for which Plaintiff seeks recovery in her first cause of action that the three causes of action are interlocked within the meaning of this term as announced in *American Fire & Casualty Co. v. Finn, supra.* Therefore, as Plaintiff's causes of action may be litigated together and arise out of the same occurrence, the Court finds and concludes that the three causes of action alleged in the Complaint are not separate and independent within the meaning of 28 U.S.C. § 1441(c).[1] Accordingly, Plaintiff's Motion to Remand should be granted and the Clerk is directed to effect the remand of this case to the Comanche County District Court.

---

1. *Knight v. First Pyramid Life Insurance Co, supra,* is distinguishable from the instant case in that *Knight* involved two causes of action (one against an insurance company for failure to provide life insurance coverage and another against named individuals for invasion of privacy) which were unrelated to each other and arose out of completely separate occurrences and for which separate recoveries of damages were sought.