**354**

Charles T. JONES, Plaintiff,

v.

The FEDERAL RESERVE BANK OF KANSAS CITY, Defendant.

No. Civ–80–950–D.

United States District Court,
W. D. Oklahoma.

Jan. 27, 1981.

Gary James Joslin, Salt Lake City, Utah, for plaintiff.

John J. Griffin, Jr., Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, Senior District Judge.

This action was originally brought in the District Court of Oklahoma County, Oklahoma, by the State of Oklahoma *ex rel.* the Oklahoma State Regents for Higher Education (State) against Charles T. Jones (Jones) seeking to recover damages resulting from Jones' default on a student loan made to him under the Guaranteed Student Loan Program of the Oklahoma State Regents for Higher Education. Jones subsequently filed a pleading in state court captioned "Second Amended Cross-Petition" wherein Jones sought various declaratory, injunctive and legal relief against the Federal Reserve Bank of Kansas City (Federal Reserve Bank) as "Cross-Defendant" arising out of the alleged failure of the Federal Reserve Bank to redeem Federal Reserve Notes for gold and silver and an alleged conspiracy by the Federal Reserve Bank and others to deprive Jones of his civil rights in violation of 42 U.S.C. § 1985(3). Thereafter, the Federal Reserve Bank removed the case to this Court pursuant to 12 U.S.C. § 632.

Presently before the Court is a Motion entitled "Motion to Sever Claims and Remand" and a supporting Brief filed by the State wherein the State asks this Court to sever and retain the claims or causes of action asserted by Jones against the Federal Reserve Bank and to remand the claim or cause of action asserted by the State against Jones to the Oklahoma County District Court pursuant to 28 U.S.C. § 1441(c). Both Jones and the Federal Reserve Bank have responded to the instant Motion and state that they do not oppose the same.

28 U.S.C. § 1441(c) provides in pertinent part as follows:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonre-

movable claims or causes of actions, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Under the foregoing section, a third-party defendant, such as the Federal Reserve Bank herein, may remove the entire case to federal court where a separate and independent cause of action is asserted against the third-party defendant. *Ted Lokey Real Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D. Tex.1972). The term "separate and independent claim or cause of action" as used in § 1441(c) was analyzed by this Court in *Scott v. Metropolitan Life Insurance Co.*, 450 F.Supp. 801, 802–803 (W.D.Okla.1978), as follows:

> In *Knight v. First Pyramid Life Insurance Co.*, 256 F.Supp. 32 (W.D.Okla.1966), this Court considered the meaning of the term "separate and independent claim or cause of action" and stated:
>
> "The test outlined by the landmark case of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is as follows: ' * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).'" 256 F.Supp. at 34.
>
> In applying § 1441(c), the Tenth Circuit said in *Snow v. Powell*, 189 F.2d 172 (Tenth Cir. 1951):
>
> "The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned." 189 F.2d at 174.
>
> *See Gray v. New Mexico Military Institute*, 249 F.2d 28 (Tenth Cir. 1957).

An examination of the Petition filed by the State and the "Second Amended Cross-Petition" filed by Jones in this case in state court discloses that the claims asserted in said pleadings clearly do not arise from an interlocked series of transactions. Furthermore, it appears that the State's claim against Jones would not fall within the original jurisdiction of this Court while the Court may have original subject matter jurisdiction of Jones' claims against the Federal Reserve Bank under both 12 U.S.C. § 632 and 28 U.S.C. § 1331(a). Therefore, the Court finds and concludes that the instant Motion should be granted. Accordingly, the Court determines that the claim or cause of action asserted herein by the State against Jones should be remanded to the Oklahoma County District Court and the claims or causes of action asserted by Jones in his "Second Amended Cross-Petition" against the Federal Reserve Bank should be retained for decision by this Court. All further pleadings filed in this Court shall be captioned as above. The Clerk is directed to effect the remand of this case as indicated without delay.

IT IS SO ORDERED.