Kenneth WALKER, Administrator of
the Estate of Chad Crawford
Walker, a minor, deceased, Appellant,

v.

John MATHEWS, Carla Arnold, Donald
Harnage, Steve Odaffer, Kimberly Un-
derwood, Robbie Webb, Kerry Bural,
Debra Bural (now Boling), James Do-
ver, and Cindy Seitz, Appellees.

No. 67528.

Supreme Court of Oklahoma.

Dec. 6, 1988.

As Corrected Dec. 16, 1988.

As Corrected July 5, 1989.

Rehearing Denied July 6, 1989.

Mike Norman, Muskogee, for appellant.

Williams, Clark, Baker & Earl, P.A. by
Roger R. Williams, and Joseph F. Clark,
Jr., Tulsa, for appellees John Mathews,
Carla Arnold, Donald Harnage, Steve Odaf-
fer, Kimberly Underwood and Robbie
Webb.

Wilburn, Masterson & Holden by Ray H.
Wilburn, Melvin C. Weiman, and M. Cristi-
na Romero, Tulsa, for appellees Kerry Bur-
al, Debra Bural (now Boling), James Dover
and Cindy Seitz.

HODGES, Justice.

The central issue in this appeal is wheth-
er defendant chaperones, in their individual
capacity, owed a legal duty to decedent
who drowned at a church overnight lake
outing. We hold they did not and summa-
ry judgment for defendants was therefore
proper.

On June 16–17, 1984, Eastern Heights
Baptist Church, Muskogee, Oklahoma (the
Church), sponsored an overnight outing for
children grades seven through twelve at
Lake Fort Gibson. The youth minister,
Robert Bailey, was in charge of the activi-
ty. To assist in supervising the young-
sters, Bailey secured twenty-four vol-
unteers to act as chaperones during the
camping trip.

Thirteen-year-old Chad Crawford Walker
attended the outing. Chad was not a mem-
ber of the Church, but was a guest of a
member. The children were allowed to
swim in an area adjacent to the campsight

that was not approved by park personnel. Chad Walker was last seen swimming in this area before lunch on June 17th. Apparently no one saw him go under the water. At approximately noon, Chad was discovered missing and a search for him began. That afternoon his body was found by dragging operations conducted by the Oklahoma Lake Patrol.

The present lawsuit for wrongful death was filed by Kenneth Walker (plaintiff), Chad's father. Plaintiff claimed that the Church and Bailey negligently selected the swimming site and that the chaperones were negligent in failing to properly supervise Chad Walker. Just prior to trial, plaintiff reached a settlement with the Church and Bailey and entered into a limited release and satisfaction of judgment that specifically retained a cause of action against the chaperones.

A first amended petition was filed against all the chaperones. Many individual defendants were later either dismissed by the plaintiff voluntarily or were dismissed without opposition through summary judgment motions. A second amended petition sued the ten remaining chaperones in their individual capacities and not as agents, servants or employees of the Church. The defendants filed motions for summary judgment arguing they owed no duty to decedent in their individual capacities. The district court granted the motions for summary judgment and the plaintiff appealed. In an unpublished memorandum opinion the Court of Appeals reversed by a 2–1 decision and remanded holding that there were material facts at issue which precluded summary judgment.

Summary judgment is appropriate when it appears "that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law." Okla.Stat. tit. 12, Ch. 2, App.Rule 13(e) (Supp.1987). Absent a substantial controversy, summary judgment is proper even in a negligence action. *Smith v. American Flyers, Inc.,* 540 P.2d 1212, 1214 (Okla.App.1975). This Court has noted:

It is a well established principle that in order to recover damages for wrongful death alleged to have been caused by negligence, the plaintiff must establish that the defendant failed to exercise proper care in the performance of some legal duty owed to the decedent and that the negligent breach of this duty was the proximate cause of death.

*Runyon v. Reid,* 510 P.2d 943, 948 (Okla. 1973). Although plaintiff claims that defendants' alleged breach of duty is a controverted material issue of fact making summary judgment inappropriate, plaintiff must first establish that defendants owed decedent a legal duty.

As Judge Means of the Court of Appeals observed in his dissenting opinion, plaintiff's second amended petition sued the ten chaperones in their individual capacities, not as agents, servants or employees of the Church. Plaintiff cites cases in which an agent was held responsible for his own negligent acts. *See J.C. Penney Co. v. Barrientez,* 411 P.2d 841 (Okla.1965); *Rogers v. Brummett,* 92 Okl. 216, 220 P. 362 (1923); *Butler v. Corey,* 35 Okl. 471, 130 P. 137 (1913). In these cases, liability was based on an agent's negligence independent of any negligence of the principal or on acts committed by an agent operating outside the scope of his authority. None of the cases cited by plaintiff premised liability on a duty owed in an individual capacity while acting within the scope of an agency relationship. In the instant case, each defendant assumed chaperone responsibilities as an agent of the Church, not in their individual capacity. If defendants owed a duty to decedent it was as agents of the Church, not as individuals.

All evidence in this case indicates that defendants were acting as agents of the Church. Affidavits of the Church pastor and the youth minister state that defendants acted at all times as agents of the Church under the direction of the youth minister. Nothing in the record indicates that defendants were operating outside their agency relationship with the Church or that defendants assumed a duty to decedent as individuals. Summary judgment for defendants was therefore appropriate.

CERTIORARI GRANTED; DECISION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, and ALMA WILSON, JJ., concur.

DOOLIN, C.J., and KAUGER, J., dissent.

SUMMERS, J., not participating.